UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Juanea L. Butler, individually and as representative of all others similarly situated, | Civil Action No. |
| Plaintiffs; | Section: |
| v. | Judge: |
| Denka Performance Elastomer LLC, E.I. DuPont de Nemours and Company, et al. | Magistrate Judge: |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Denka Performance Elastomer LLC ("DPE") and E.I. du Pont de Nemours and Company ("DuPont") (collectively, "Defendants"), hereby give notice and remove this action from the 40th Judicial District Court, St. John the Baptist Parish, State of Louisiana, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and based on the Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  In support of this removal, and reserving all rights, objections, defenses, and motions, Defendants assert the following:

1.

On June 5, 2018, plaintiff Juanea L. Butler, individually and as representative of all others similarly situated, filed a state court Class Action Petition in the matter captioned *Juanea L. Butler v. Denka Performance Elastomer LLC, et al.*, No. 72327, in the 40th Judicial District Court, St. John the Baptist Parish, Louisiana.  On June 14, 2018, Plaintiff filed a First Amending Class Action Petition, amending the "Class Definition" set forth in the original Class Action Petition filed on June 5, 2018.

2.

Defendants have attached a copy of the entire state court record at the time of removal as **Exhibit 1** to this Notice.

### *Basis for Removal Jurisdiction*

3.

This Court has jurisdiction over this removed class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity of citizenship among the Plaintiff Class and the named Defendants, the proposed Plaintiff Class includes more than 100 putative class members, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.[1]

#### *Minimal Diversity of Citizenship*

4.

Diversity of citizenship exists here because, at the time this suit was commenced, through the date of removal: (a) the named Plaintiff and the Plaintiff Class were citizens of Louisiana, and (b) DuPont was a citizen of Delaware.

5.

Under CAFA, the district courts shall have original jurisdiction over matters in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."[2]  As alleged in the Class Action Petition, at the time this suit was commenced, and on information and

---

[1]   "CAFA's jurisdictional provisions 'should be read broadly, with a strong preference that interstate class action[s] should be heard in a Federal court if removed by any defendant.' '[I]f a Federal court is uncertain . . . the court should err in favor of exercising jurisdiction over the case.'" *Frazier v. Pioneer Ams., LLC*, No. 05-1338-D-M1, 2006 WL 5670538, at *5 (M.D. La. Mar. 23, 2006) (quoting *In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC, 2005 WL 1791559 (N.D. Cal. Jul. 27, 2005) (citing 151 Cong. Rec. H723-01, H0727 (2005)), *aff'd*, 455 F.3d 542 (5th Cir. 2006).

[2]   28 U.S.C. § 1332(d)(2)(A).

belief, through the present, Plaintiff and all members of the Plaintiff Class were and are domiciled in Louisiana.[3]

6.

DuPont, as a corporation, is deemed a citizen of its state of incorporation and the state where its "nerve center" is located.[4]  At the time this suit was commenced, through the date of removal, DuPont was incorporated in Delaware and its corporate headquarters (i.e., "nerve center") was located in Delaware.  Accordingly, DuPont is deemed to be a citizen of Delaware for diversity purposes.

7.

Because Plaintiff and the Plaintiff Class are Louisiana citizens and DuPont is a citizen of Delaware, minimal diversity exists between the parties.

*Numerosity*

8.

CAFA permits removal of class actions with at least 100 putative class members.[5] Plaintiff's state court petition was brought as "a class action pursuant to La. C.C.P. art. 591,"[6] involving "tens of thousands of . . . putative class members."[7]

---

[3]   Class Action Petition ¶ 1 (Butler is a resident of the City of LaPlace, and domiciliary of the Parish of St. John the Baptist, State of Louisiana); *id.* ¶ 3 (defining the class to include individuals who "actually reside within a geographical boundary of St. John the Baptist Parish").

[4]   *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

[5]   28 U.S.C. § 1332(d)(5)(B).

[6]   Class Action Petition ¶ 26.

[7]   *Id.* ¶ 29.

*Amount in Controversy*

9.

Under CAFA, the district courts have original jurisdiction over matters in which "the matter in controversy exceeds the sum or value of $5,000,000."[8]  The amount in controversy required by 28 U.S.C. § 1332(d) is satisfied for the Plaintiff Class.

10.

Removal under 28 U.S.C. § 1446(a) requires only a "short and plain statement of the grounds for removal."  Indeed, "a defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[9]

11.

Louisiana law prohibits plaintiffs from alleging in their petition the amount of damages they seek.[10]  But if the amount in controversy does ***not*** meet the minimum amount needed to establish federal subject matter jurisdiction, "a general allegation that the claim . . . is less than the requisite amount is ***required***."[11]  Therefore, "[p]etitions that do not explicitly declare that the federal amount in controversy requirements are not met create a 'strong presumption in favor of federal jurisdiction.'"[12]  The Class Action Petition does ***not*** state that the amount in controversy is less than the federal minimum.  The strong presumption, therefore, is that federal jurisdiction exists here.

---

[8]    28 U.S.C. § 1332(d)(2)(A).

[9]    *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

[10]    *Robertson v. Chevron USA, Inc.*, No. 15-874, 2016 WL 3667153, at *4 (E.D. La. July 11, 2016) ("Louisiana law prohibits plaintiffs from alleging in their petition the amount of damages they seek." (citing La. C.C.P. art. 893(A)(1))).

[11]    *Lewis v. Valero Refining-New Orleans*, No. 16-16590, 2017 WL 955684, at *3 (E.D. La. March 13, 2017) (emphasis added) (citing La. C.C.P. art. 893(A)(1)).

[12]    *Wornner v. Christian Home Health Care, Inc.*, No. 13-6416, 2014 WL 130331, at *3 (E.D. La. Jan. 14, 2014) (quoting *Raggio, Cappel, Chozen & Berniard v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 06-1981, 2006 WL 4059093, at *1 (W.D. La. Dec. 29, 2006)).

12.

To determine whether the $5,000,000 amount in controversy is met, "the claims of the individual class members shall be aggregated."[13]  The Plaintiff Class is defined as including "[t]hose persons who, at any time from January 1, 2011 through present, have lived, worked, attended school, and/or actually resided within a geographical boundary of St. John the Baptist Parish" who experienced one or more physical symptoms as a result of exposure to chloroprene.[14]  Plaintiff alleges that "there are tens of thousands of such affected putative class members."[15]  This comports with publicly available data from the Census Bureau, which show that the total population of St. John the Baptist Parish in 2016 was 43,441.[16]  Conservatively assuming that the class definition encompasses 10,000 individuals, the $5,000,000 jurisdictional minimum would be met even if each individual had only $500 in controversy.

13.

In the prayer for relief, Plaintiff and the Plaintiff Class seek injunctive relief, compensatory damages, punitive damages, and attorneys' fees, each of which must be considered in assessing whether the aggregate amount in controversy exceeds $5,000,000. DuPont vigorously disputes the factual and legal merits of each of the claims and requests for relief in the Class Action Petition, but the law requires that, for purposes of this Notice, DuPont and the Court take at face value the damages Plaintiff and the Plaintiff Class seek.[17]

---

[13]   28 U.S.C. § 1332(d)(6).

[14]   First Amending Class Action Petition ¶ 1.

[15]   Class Action Petition ¶ 29.

[16]   CENSUS.GOV, www.census.gov/quickfacts/fact/table/stjohnthebaptistparishlouisiana/PST045217.

[17]   *See, e.g.*, *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("The required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'" (citation omitted)).

14.

First, Plaintiff and the Plaintiff Class seek injunctive relief "directed to the Defendant, [DPE], restraining, enjoining, and prohibiting it . . . from discharging, emitting, and/or releasing chloroprene into the air from the Pontchartrain Works Facility, at levels in excess of 0.2 micrograms (mcg) per cubic meter."[18]  In actions seeking declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation."[19]  The United States Court of Appeals for the Fifth Circuit has held that "the object of the litigation is the value to the plaintiff of the right to be protected or the extent of the injury to be prevented."[20]

15.

The "object of the litigation" in connection with this claim for injunctive relief is the abatement of chloroprene releases, which Plaintiff and the Plaintiff Class allege could cause serious adverse health effects, including a "high risk of cancer and other illnesses," and "death."[21]  Plaintiff and the Plaintiff Class suggest that the injunctive relief they have requested could substantially reduce or effectively eliminate their risk of contracting cancer and other potentially life-threatening illnesses.  Therefore, the aggregate value to Plaintiff and the "tens of thousands" of members of the Plaintiff Class of avoiding what they allege are "excessive emissions of chloroprene" that put them at "high risks of serious illness and death"[22] is above the jurisdictional minimum.

---

[18]   Class Action Petition at Prayer for Relief (h).

[19]   *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (internal quotation marks omitted).

[20]   *Algiers Dev. Dist. v. Vista La., LLC*, No. 16-16402, 2017 WL 121127, at *4 (E.D. La. 1/12/17) (citing *Alfonso v. Hillsborough Cnty. Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962)).

[21]   Class Action Petition ¶¶ 82, 89.

[22]   *Id.* ¶ 89.

16.

The Plaintiff and the Plaintiff Class also seek prospective relief in the form of "medical monitoring for development of cancer and other maladies due to chloroprene exposure."[23] Claims of this nature have resulted in awards that, if valued on an aggregate basis, would also be sufficient to meet the amount-in-controversy requirement.[24]

17.

Second, Plaintiff and the Plaintiff Class also seek various categories of compensatory damages, each of which, if valued on an aggregate basis, would independently be sufficient to meet the amount-in-controversy requirement:

- Physical Injuries.  Plaintiff and the Plaintiff Class seek damages for alleged physical injuries including headaches; sinus problems; dizziness; insomnia; trouble breathing, respiratory irritation, or other respiratory problems; chest pains; acute cardiac palpitations; acute gastrointestinal disorder; acute bronchitis; acute onset of asthma; exacerbation of pre-existing asthma; fatigue; nausea; skin rash; temporary hair loss; chronic coughing; chronic nasal discharge; chronic cardiovascular disorder; chronic throat irritation; chronic eye irritation; chronic thyroid disorder; anxiety; and depression.[25] Successful physical-injury claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[26]

- Emotional Distress.  Plaintiff and the Plaintiff Class seek damages for past, present, and future emotional distress.[27]  Successful emotional-distress claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[28]

---

[23]   *Id.* at Prayer for Relief (b).

[24]   *See, e.g.*, *Lester v. Exxon Mobil Corp.*, 12-1709, pp. 14–18 (La. App. 4 Cir. 6/26/13); 120 So. 3d 767, 778–80 (affirming awards between $33,000 and $46,000 per plaintiff for medical monitoring claims).

[25]   First Amending Class Action Petition ¶ 1.

[26]   *Arabie v. Citgo Petro. Corp.*, 15-324, pp. 2–4, 9–17 (La. App. 3 Cir. 10/7/15); 175 So. 3d 1180, 1182–84, 1187–92 (plaintiffs received on average $29,293 in damages for physical injuries including sinus issues, cramps, nausea, and throat problems).

[27]   Class Action Petition ¶ 93.

[28]   *Wisner v. Ill. Cent. Gulf R.R.*, 537 So. 2d 740, 750 (La. App. 1 Cir. 1988) (affirming award of $600,000 for emotional distress in connection with chemical-exposure claim); *Anthony v. Georgia Gulf Lake Charles, LLC,*

- <u>Pain and Suffering.</u>  Plaintiff and the Plaintiff Class seek damages for past, present, and future pain and suffering.[29]  Successful pain-and-suffering claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[30]

- <u>Fear of Cancer.</u>  Plaintiff and the Plaintiff Class seek damages for fear of cancer.[31]  Successful fear-of-cancer claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[32]

- <u>Lost Wages.</u>  Plaintiff and the Plaintiff Class seek damages for past, present, and future loss of wages.[33]  Successful lost-wages claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[34]

- <u>Loss of Earning Capacity.</u>  Plaintiff and the Plaintiff Class seek damages for loss of earning capacity.[35]  Successful loss-of-earning-capacity claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[36]

---

2013-236, pp. 14–16 (La. App. 3 Cir. 5/21/14); 146 So. 3d 235, 252–53 (affirming award of $7,500 per plaintiff for mental anguish associated with chemical-exposure claim).

[29]  Class Action Petition ¶ 93.

[30]  *Arabie v. Citgo Petro. Corp.*, 15-324, pp. 2–4 (La. App. 3 Cir. 10/7/15); 175 So. 3d 1180, 1182–84 (affirming awards of $10,000 to $30,000 in pain and suffering to plaintiffs exposed to a wastewater spill).

[31]  Class Action Petition ¶ 93.

[32]  *See, e.g.*, *Lester v. Exxon Mobil Corp.*, 12-1709, pp. 4–6, 27 (La. App. 4 Cir. 6/26/13); 120 So. 3d 767, 772–73, 785 (affirming trial court awards of $50,000 per plaintiff for fear-of-cancer claim); *Straughan v. Ahmed*, 92-1115 (La. App. 5 Cir. 5/12/93); 618 So. 2d 1225, 1229 (awarding $40,000 to plaintiff who suffered from "cancerphobia" caused by a physician's failure to follow up after a discovery of a lump in the patient's breast); *Arabie v. Citgo Petro. Corp.*, 15-324, pp. 2–4 (La. App. 3 Cir. 10/7/15), 175 So.3d 1180, 1182–84 (affirming awards of $5,000 to $15,000 for fear of cancer claims from plaintiffs exposed to a wastewater spill).

[33]  Class Action Petition ¶ 93.

[34]  *Manuel v. Shell Oil Co.*, 94-590, pp. 5, 37–38 (La. App. 5 Cir. 10/18/95); 664 So. 2d 470, 473, 486 (affirming award of $185,636 for past lost wages and $409,705 for future lost wages to a tankerman with an annual income of $32,497 who was exposed to benzene concentrate).  Median household income in 2016 for St. John the Baptist Parish was $51,406.  CENSUS.GOV, www.census.gov/quickfacts/fact/table/stjohnthebaptistparishlouisiana/PST045217.

[35]  Class Action Petition ¶ 93.

[36]  *See David v. Our Lady of Lake Hosp., Inc.*, 2002-1945, p. 7 (La. App. 1 Cir. 6/27/03); 857 So. 2d 529, 533 (affirming award of $197,000 in loss of earning capacity for 52-year-old earning $76,000 per year where it was probable that at some point in the future he would be unable to work a full day).  Median household income in 2016 for St. John the Baptist Parish was $51,406.  CENSUS.GOV, www.census.gov/quickfacts/fact/table/stjohnthebaptistparishlouisiana/PST045217.

- <u>Medical Expenses and Pharmaceuticals.</u>  Plaintiff and the Plaintiff Class seek damages for past, present, and future medical expenses and pharmaceuticals.[37] Successful medical-expense claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[38]

- <u>Loss of Enjoyment of Life.</u>  Plaintiff and the Plaintiff Class seek damages for past, present, and future loss of enjoyment of life.[39]  Successful loss-of-enjoyment-of-life claims have resulted in awards that, if valued on an aggregate basis, would be sufficient to meet the amount-in-controversy requirement.[40]

18.

Third, Plaintiff and the Plaintiff Class seek an award of punitive damages.[41]  While Defendants vigorously dispute this claim, punitive damages, when available, may be awarded in amounts up to 10 times a compensatory damages award.[42]  Thus, just as the value of the alleged compensatory damages is sufficient to meet the amount-in-controversy requirement, so too is the value of the alleged punitive damages.

19.

Fourth, Plaintiff and the Plaintiff Class seek an award of attorneys' fees,[43]  which must be included in the valuation of the amount in controversy for removals under CAFA.[44]  Though

---

[37]   Class Action Petition ¶ 93.

[38]   *See, e.g., Arabie v. Citgo Petro. Corp.*, 15-324, pp. 2–4 (La. App. 3 Cir. 10/7/15); 175 So. 3d 1180, 1182–84 (affirming awards of $502 to $3,513 in medical expenses to plaintiffs exposed to a wastewater spill); *Day v. Ouachita Parish Sch. Bd.*, 35,831, p. 7 (La. App. 2 Cir. 8/8/02), 823 So. 2d 1039, 1044 (awarding $7,485 for past medical expenses and $30,000 for future medical expenses to a student who suffered a back injury).

[39]   Class Action Petition ¶ 93.

[40]   *See, e.g., Arabie v. Citgo Petro. Corp.*, 15-324, pp. 2–4 (La. App. 3 Cir. 10/7/15); 175 So. 3d 1180, 1182–84 (awarding $5,000 for loss of enjoyment of life to plaintiffs exposed to a wastewater spill); *Day v. Ouachita Parish Sch. Bd.*, 35,831, pp. 3, 9 (La. App. 2 Cir. 8/8/02); 823 So. 2d 1039, 1042, 1044 (awarding $50,000 for loss of enjoyment of life to a high school student who was unable to participate in varsity sports due to a back injury).

[41]   Class Action Petition ¶ 93.

[42]   *Lester v. Exxon Mobil Corp.*, 12-1709, pp. 21–26 (La. App. 4 Cir. 6/26/13); 120 So. 3d 767, 782–84 (citing *State Farm v. Campbell*, 538 U.S. 408 (2003)) (affirming award of punitive damages equal to 1.5 times the compensatory award).

[43]   Class Action Petition ¶ 93; *id.* at Prayer for Relief (e).

Defendants dispute that Plaintiff or the Plaintiff Class will recover any damages or attorneys' fees, for purposes of determining the amount in controversy, the total value of potential attorneys' fees for class-wide claims must be attributed to the aggregate amount in controversy.

20.

Attorneys' fees are often awarded using the "percentage of the fund" method, where "[a] typical class action benchmark fee is equal to twenty-five percent of the common fund."[45]  For example, setting aside all other forms of relief, if the value of the class-wide compensatory damages at issue totaled $4 million in aggregate (i.e., $400 per putative class member based on a 10,000 member class), the potential attorneys' fees associated with such an award (e.g., 25% of $4 million, or $1 million total) would lift the aggregate amount in controversy to the $5 million jurisdictional requirement.

### *Venue*

21.

Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the plaintiffs' claims arises in the Eastern District of Louisiana, specifically in St. John the Baptist Parish, Louisiana.

### *Timeliness of Removal*

22.

Generally, a notice of removal must be filed within 30 days of receipt by the defendant, by service or otherwise, of the initial pleading setting forth the claim for relief.[46]

---

[44]   *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006).

[45]   *Gordon v. Air Liquide-Big Three Inc.*, No. 12-396-SDD-RLB, 2013 WL 3490725, at *5 (M.D. La. July 10, 2013).

[46]   *See* 28 U.S.C. § 1446(b)(1).

23.

Plaintiff filed her state court petition on June 5, 2018.

24.

Defendants were served with the Petition on June 13, 2018.

25.

Because Defendants filed this notice of removal within 30 days of when they were first served with the state court petition, the removal notice is timely.

### *Consent Not Required*

26.

Class actions may be removed by any defendant without the consent of all defendants.[47]

### *Compliance with Removal Procedure*

27.

Pursuant to 28 U.S.C. § 1446(d), promptly after filing this notice of removal, Defendants will serve a copy of this notice on the plaintiffs, through their counsel, and will promptly file a copy of this notice with the Clerk of Court for the 40th Judicial District Court, St. John the Baptist Parish, Louisiana. A copy of the Notice to State Court of Filing Notice of Removal, which will be filed with the Clerk of Court for the 40th Judicial District Court, St. John the Baptist Parish, Louisiana promptly after this filing, is attached hereto as **Exhibit 2**.

### *Reservation of Rights*

28.

Defendants expressly reserve all rights, defenses, objections, and motions that they could have raised in response to the Class Action Petition when filed in state court.

---

[47]   *See* 28 U.S.C. § 1453(b).

11

Dated: July 13, 2018                    Respectfully submitted:


                                        ___/s Joshua J. Doguet_____
                                        Deborah D. Kuchler (La. Bar No. 17013)
                                        Sarah E. Iiams (La. Bar No. 22418)
                                        Joshua J. Doguet (La. Bar No. 35111)
                                        **KUCHLER POLK WEINER, LLC**
                                        1615 Poydras Street, Suite 1300
                                        New Orleans, Louisiana 70112
                                        Telephone: (504) 592-0691
                                        Facsimile:  (504) 592-0696
                                        dkuchler@kuchlerpolk.com
                                        siiams@kuchlerpolk.com
                                        jdoguet@kuchlerpolk.com

                                                *-and-*


                                        Kevin T. Van Wart, P.C. (Il. Bar No. 6183921)
                                        Bradley H. Weidenhammer (Il. Bar No. 6284229)
                                        Rebecca C. Fitzpatrick (Il. Bar No. 6299773)
                                        Stanley M. Wash (Il. Bar No. 6310435)
                                        **KIRKLAND & ELLIS LLP**
                                        300 North LaSalle
                                        Chicago, Illinois 60654
                                        Telephone: (312) 862-2000
                                        Facsimile:  (312) 862-2200
                                        kevinvanwart@kirkland.com
                                        bradley.weidenhammer@kirkland.com
                                        rebecca.fitzpatrick@kirkland.com
                                        stan.wash@kirkland.com

                                        *Counsel for Defendants E.I. du Pont*
                                        *de Nemours and Company*

Dated: July 13, 2018                    Respectfully submitted:


       */s Michael R. Rhea*
James C. Percy (La. Bar No. 10413) (T.A.)
Michael R. Rhea (La. Bar No. 34722)
Justin J. Marocco (La. Bar No. 35226)
**JONES WALKER, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809-7000
Telephone: (225) 248-2130
Facsimile:  (225) 248-3130
jpercy@joneswalker.com
mrhea@joneswalker.com
jmarocco@joneswalker.com


      – and –


Michael A. Chernekoff (La. Bar No. 01295)
**JONES WALKER, LLP**
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 437-1827
Facsimile:  (713) 437-1810
mchernekoff@joneswalker.com


      – and –


Brett S. Venn (La. Bar No. 32954)
**JONES WALKER, LLP**
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8116
Facsimile:  (504) 589-8116
bvenn@joneswalker.com

***Counsel for Defendant Denka
Performance Elastomers LLC***


13

**Certificate of Service**

I hereby certify that on July 13, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

_s/ Joshua J. Doguet_