

PREVIOUSLY FILED
BY FAX ON
11 DAY OF _____ 2018
_____ Thomas
DEPUTY CLERK OF COURT

**40TH JUDICIAL DISTRICT COURT FOR ST. JOHN THE BAPTIST PARISH**

**STATE OF LOUISIANA**

CASE NO.: 72327                                                    DIVISION: B

**JUANEA L. BUTLER, INDIVIDUALLY AND AS REPRESENTATIVE OF
ALL OTHERS SIMILARLY SITUATED**

**VS.**

**DENKA PERFORMANCE ELASTOMER LLC, E.I. DUPONT DE NEMOURS AND
COMPANY, STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH
AND HOSPITALS, AND STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF
ENVIRONMENTAL QUALITY**

Eliana DeFrancesch - Clerk of Court

FILED: Filed: Jun 14, 2018  10:35 AM                           **DEPUTY CLERK**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 132694126

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**FIRST AMENDING CLASS ACTION PETITION**</u>

**NOW INTO COURT**, through the undersigned counsel, comes JUANEA L. BUTLER,

individually and as representative of all others similarly situated (hereinafter collectively

referred to as "Plaintiffs"), who file this *First Amending Class Action Petition*, pursuant to La.

C.C.P. Art. 1151, amending their original Class Action Petition filed on June 1, 2018 (hereinafter

referred to as "Original Petition"), in the following respects:

1.

By amending Paragraph 3, the "Class Definition" section, of the original Class Action

Petition, to read as follows:

**Class Definition.** The named Plaintiff herein proposes to proceed individually and as

representative of a class of persons defined as follows:

(1) Those persons who, at any time from January 1, 2011 through the present, have
lived, worked, attended school, and/or actually resided within a geographical
boundary of St. John the Baptist Parish (hereinafter referred to as "St. John"),
starting at the northwest corner of zip code 70084, then proceeding eastward along
I-10 through zip code 70084 and the southside part of zip code 70068, to the
northeast corner of the class boundary where Interstate-10 meets the St. John line
within zip code 70068 of St. John, then proceeding southward within St. John along
the St. John boundary line over the Mississippi River and through zip code 70057
in St. John to LA Hwy. 3127 within zip code 70049, then proceeding
west/southwest along LA Highway 3127 within zip code 70049, to the southwest
corner of the class boundary where LA Highway 3127 meets the St. John parish
line within zip code 70049, then proceeding northward within St. John along the
St. John parish line, through zip codes 70049, 70090 70051, and 70084 to I-10
within zip code 70084 (hereinafter referred to as "defined areas"); and

**EXHIBIT**

1

1

(2) who experienced one or more of the following physical symptoms: headaches; sinus problems; dizziness; insomnia; trouble breathing, respiratory irritation, or other respiratory problems; chest pains; acute cardiac palpitations; acute gastrointestinal disorder; acute bronchitis; acute onset of asthma; exacerbation of pre-existing asthma; fatigue; nausea; skin rash; temporary hair loss; chronic coughing; chronic nasal discharge; chronic cardiovascular disorder; chronic throat irritation; chronic eye irritation; chronic thyroid disorder; anxiety; and depression, resulting from their exposure to chloroprene or other chemical substance released from the Pontchartrain Works Facility.

Respectfully Submitted:

RUSSELL LAW FIRM, LLC

Danny D. Russell (#36271)
733 E. Airport Ave., Suite 201
Baton Rouge, LA 70806
Telephone: (225) 307-0088
Telecopier: (225) 307-0087
Email: danny@dannyrusselllaw.com
*Counsel for All Plaintiffs*

**PLEASE SERVE:**

1. **Denka Performance Elastomer LLC**
   *Through Its Agent for Service of Process:*
   CT Corporation System
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816

2. **E.I. Dupont De Numours and Company**
   *Through Its Agent for Service of Process:*
   CT Corporation System
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816

3. **State of Louisiana, Through the Department of Environmental Equality**
   *Through Its Agents for Service of Process:*
   Hon. Jeff Landry, Attorney General of Louisiana
   900 N. 3rd St., 22nd Floor
   Baton Rouge, LA 70802

   *AND*

   **Dr. Chuck Carr Brown**
   Secretary, State of Louisiana
   Department of Environmental Equality
   602 N. 5th St.
   Baton Rouge, LA 70802

   *AND*

**Bud Thompson**
Director, State of Louisiana, Office of Risk Management,
1201 N. 3rd St.
Claiborne Building, Suite G192
Baton Rouge, LA 70802

4. **State of Louisiana, Through the Department of Health and Hospitals**
*Through Its Agents for Service of Process:*
Hon. Jeff Landry, Attorney General of Louisiana
900 N. 3rd St., 22nd Floor
Baton Rouge, LA 70802

*AND*

**Dr. Rebkah E. Gee**
Secretary, State of Louisiana
Department Health and Hospitals
628 N. 4th St.
Baton Rouge, LA 70802

*AND*

**Bud Thompson**
Director, State of Louisiana, Office of Risk Management,
1201 N. 3rd St.
Claiborne Building, Suite G192
Baton Rouge, LA 70802

D55436844

D55436844

## CITATION

JUANEA L BUTLER                     40TH JUDICIAL DISTRICT COURT

VS                                  PARISH OF ST.JOHN THE BAPTIST

DENKA PERFORMANCE                   STATE OF LOUISIANA
ELASTOMER LLC
DOCKET NUMBER: C-72327

JUN 20 2018

**To:**    **E.I. DUPONT DE NUMOURS AND COMPANY**
          **3867 PLAZA TOWER DR.**
          **BATON ROUGE, LA 70816**

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ.** and was issued by the Clerk
of Court on the **JUNE 14, 2018.**

* Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE ___21___ DAY OF ___June___, 20_18_ AND ON THE ___21___ DAY OF
___June___, 20_18_ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF ___EBR___         THIS _21_ DAY OF       UNABLE TO
___June___, 20_18_                                          SERVE.

SERVICE  $_____                                        Not on Sec.
MILEAGE $_____        _____ #0226            of State website.
TOTAL    $_____            DEPUTY SHERIFF
                                                            8:30AM
ORIGINAL – RETURN       COPY – SERVICE      COPY - CLERK
                                                            Ashley Minvielle

Eliana DeFrancesch - Clerk of Court
Filed: Jul 02, 2018 11:25 AM
                              132731035

D55436869

D55436869

## CITATION

| | |
|---|---|
| JUANEA L BUTLER | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST.JOHN THE BAPTIST |
| DENKA PERFORMANCE ELASTOMER LLC | STATE OF LOUISIANA |
| DOCKET NUMBER: C-**72327** | |

**To:    STATE OF LOUISIANA**
THROUGH THE DEPT OF ENVIRONMENTAL EQUALITY
**HON. JEFF LANDRY, ATTY GENERAL OF LA.**
**900 N. 3RD ST, 22ND FLOOR**
**BATON ROUGE, LA 70802**

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ**. and was issued by the Clerk
of Court on the **JUNE 14, 2018**.

* Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

_Andrenese L.M. Thomas_
**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF
_____, 20____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20____.

| | |
|---|---|
| SERVICE $ _____ | BY: _____ |
| MILEAGE $ _____ | DEPUTY SHERIFF |
| TOTAL   $ _____ | |
| ORIGINAL – RETURN | COPY – SERVICE |

I made service at the Louisiana State Office
In the parish of East Baton Rouge, State of
Louisiana on:
COPY - CLERK   _Jeff Landry_

JUN 2 1 2018

by handing said copy in person to:
_Jennifer Richardson_
Dep Mack 1691
Deputy Sheriff, Parish of East Baton Rouge, LA

Eliana DeFrancesch - Clerk of Court
Filed: Jul 02, 2018 11:25 AM

132731001

JUN 2 0 2018

D55436885

D55436885

## CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-**72327**

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

To:     **BUD THOMPSON**
        **DIRECTOR, STATE OF LA., OFFICE OF RISK MGMT**
        **1201 N. 3RD STREET**
        **BATON ROUGE, LA 70802**    6·192

JUN 2 0 2018

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ.** and was issued by the Clerk
of Court on the **JUNE 14, 2018**

* Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20_____.

SERVICE $_____          BY:_____     I made service at the Louisiana State Office
MILEAGE $_____                          DEPUTY SHERIFF
TOTAL    $_____                          In the parish of East Baton Rouge, State of

ORIGINAL – RETURN    COPY – SERVICE            Louisiana on_____ Bud Thompson
                                               COPY - CLERK

                                               JUN 2 2 2018

**Eliana DeFrancesch - Clerk of Court**        by handing said copy in person to:
Filed: Jul 02, 2018 11:25 AM

132731043                                      Deputy Sheriff, Parish of East Baton Rouge, LA

D55436885

D55436885

## CITATION

| JUANEA L BUTLER | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST.JOHN THE BAPTIST |
| DENKA PERFORMANCE ELASTOMER LLC | STATE OF LOUISIANA |
| DOCKET NUMBER: C-72327 | |

JUN 2 0 2018

To:    **BUD THOMPSON**
       **DIRECTOR, STATE OF LA., OFFICE OF RISK MGMT**
       **1201 N. 3RD STREET**
       **BATON ROUGE, LA 70802**   G-192

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ.** and was issued by the Clerk of Court on the **JUNE 14, 2018**

* Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

132730789

Eliana DeFrancesch - Clerk of Court
Filed: Jul 09, 2018 12:55 PM

RECEIVED ON THE _____ DAY OF _____, 20___ AND ON THE _____ DAY OF _____, 20___ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20___.

| SERVICE $_____ | BY:_____ | I made service at the Louisiana State Office |
| MILEAGE $_____ | | DEPUTY SHERIFF |
| TOTAL $_____ | | In the parish of East Baton Rouge, State of |
| | | Louisiana on_____ |
| ORIGINAL – RETURN | COPY – SERVICE | COPY - CLERK Bud Thompson |

JUN 2 2 2018

by handing said copy in person to:

Cynthia Wesclair

Dy Mock 1691

Deputy Sheriff, Parish of East Baton Rouge, LA

D55436828

D55436828

## CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-72327

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

To:    **DR. CHUCK CARR BROWN** *Legal-*
      **602 N. 5TH ST.**
      **BATON ROUGE, LA 70802**

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ.** and was issued by the Clerk
of Court on the **JUNE 14, 2018.**

\* Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

2 1 2018

RECEIVED ON THE _____ DAY OF _____, 20\_\_\_\_ AND ON THE _____ DAY OF
_____ 20\_\_\_ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20\_\_\_\_.

SERVICE $ _____     BY: _____
MILEAGE $ _____            DEPUTY SHERIFF
TOTAL   $ _____

ORIGINAL – RETURN     COPY – SERVICE

Eliana DeFrancesch - Clerk of Court
Filed: Jul 09, 2018 12:08 PM

132730052   JUN 2 1 2018

I made Personal on the Louisiana State Office

in the parish of East Baton Rouge, State of

Louisiana on: *Dr. Chuck Brown*

**JUN 26 2018**

by handing said copy in person to:

*Emily Wood*

*Dy Mack 1691*

Deputy Sheriff, Parish of East Baton Rouge, LA

D55436877

D55436877

## CITATION

| | |
|---|---|
| JUANEA L BUTLER | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST.JOHN THE BAPTIST |
| DENKA PERFORMANCE ELASTOMER LLC | STATE OF LOUISIANA |
| DOCKET NUMBER: C-72327 | |

To:     **STATE OF LOUISIANA**
        **THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS**
        **THROUGH ITS AGENTS FOR SERVICE:**
        **HON. JEFF LANDRY, ATTY. GENERAL OF LA.**
        **900 N. 3RD. ST.  22ND FLOOR**
        **BATON ROUGE, LA 70802**

**Parish:  EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (**15**) days after the service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ.** and was issued by the Clerk of Court on the **JUNE 14, 2018.**

* Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

_ANDRENESE L.M. THOMAS_
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20____.

| | | |
|---|---|---|
| SERVICE  $_____ | BY:_____ | I made service at the Louisiana State Office |
| MILEAGE $_____ | DEPUTY SHERIFF | in the parish of East Baton Rouge, State of |
| TOTAL    $_____ | | Louisiana on: _Jeff Landry_ |

ORIGINAL – RETURN    COPY – SERVICE    COPY - CLERK   JUN 2 1 2018

by handing said copy in person to:

_Jennifer Richardson_

_by Mack 1691_
Deputy Sheriff, Parish of East Baton Rouge, LA

Eliana DeFrancesch - Clerk of Court
Filed: Jul 02, 2018  11:25 AM

132731019

JUN 2 0 2018

D55436851

D55436851

## CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-72327

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

To:    **DR. REBKAH E GEE**
       **628 N. 4TH ST.**
       **BATON ROUGE, LA 70802**

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ.** and was issued by the Clerk
of Court on the **JUNE 14, 2018.**

* Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF
_____, 20____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20____.

SERVICE   $_____      I made service at the Louisiana State Office
MILEAGE $_____                        BY_____
TOTAL     $_____      In the parish of East Baton Rouge, State of    DEPUTY SHERIFF
ORIGINAL – RETURN     Louisiana by - SERVED: Rebekah H. Gee   COPY - CLERK

JUN 2 1 2018

by handing said copy in person to:

Michelle Miley

Dy Mock 1691

Deputy Sheriff, Parish of East Baton Rouge, LA

Eliana DeFrancesch - Clerk of Court
Filed Jul 02, 2018 11:25 AM

132731027

D55436836

D55436836

## CITATION

| | |
|---|---|
| JUANEA L BUTLER | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST.JOHN THE BAPTIST |
| DENKA PERFORMANCE ELASTOMER LLC | STATE OF LOUISIANA |
| DOCKET NUMBER: C-**72327** | |

JUN 2 0 2018

To:      **DENKA PERFORMANCE ELASTOMER LLC**
         **3867 PLAZA TOWER DR.**
         **BATON ROUGE, LA 70816**

**Parish: EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by **DANNY D. RUSSELL, ESQ.** and was issued by the Clerk of Court on the **JUNE 14, 2018**.

Also attached are the following documents:
**FIRST AMENDING CLASS ACTION PETITION**

**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20 _____ AND ON THE _____ DAY OF _____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20 _____.

| | |
|---|---|
| SERVICE  $ _____ | BY: _____ |
| MILEAGE $ _____ | DEPUTY SHERIFF |
| TOTAL    $ _____ | |

ORIGINAL – RETURN        COPY – SERVICE        COPY - CLERK

Eliana DeFrancesch - Clerk of Court
Filed: Jul 02, 2018 11:25 AM
132730953

I made service on the named party through:
CT Corporation
Ashley Minvielle
JUN 2 1 2018
by tendering a copy of this document to:
☐ Jeannine Beauregard
☐ Brenna Beauregard
☐ Allison Reed
DEPUTY SHERIFF
Deputy Sheriff, Parish of East Baton Rouge

**RUSSELL**
LAW FIRM LLC

T 225.307.0088 F 225.307.0087
DANNY@DANNYRUSSELLLAW.COM

733 E. AIRPORT AVE, SUITE 201
BATON ROUGE, LA 70806

June 12, 2018

VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED
TRACKING NO.: 7016 3010 0000 1218 2891
St. John the Baptist Parish Clerk of Court
Attn: Civil Filing
2393 Highway 18
Edgard, LA 70049

PREVIOUSLY FILED
BY FAX ON
_____ DAY OF _June_ 20_18_
_Andrenae LM Thomas_
DEPUTY CLERK OF COURT

RE:  *Juanea L. Butler, Individually and as Representative of all others Similarly Situated*
     *vs. Denka Performance Elastomer LLC, E.I. Dupont De Nemours and Company,*
     *State of Louisiana, through the Department of Health and Hospitals, and State of*
     *Louisiana, through the Department of Environmental Quality*

     40th JDC for the Parish of St. John the Baptist
     Suit No.: 72327        Div.: "B"

Dear Sir or Madam:

     Please find enclosed the original and nine (9) copies of the Plaintiffs' *First Amending Class Action Petition*, fax filed June 11, 2018, in the above-referenced matter. Please file the originals and return a stamped, file copy to our office in the self-addressed, stamped envelope, also enclosed for your convenience.

     Also enclosed, please find our firm's check nos. 1585, 1587, 1588, and 1589 as payment for your invoice, also enclosed, for filing fees and service of process fees associated with this filing.

     Thank you for your courtesies in this matter. Please do not hesitate to contact me if you have any questions.

Respectfully,

Danny D. Russell

DDR/mr
Enclosures

DANNYRUSSELLLAW.COM

Eliana DeFrancesch - Clerk of Court
Filed: Jun 14, 2018 10:35 AM
132694118

40TH JUDICIAL DISTRICT COURT FOR ST. JOHN THE BAPTIST PARISH

STATE OF LOUISIANA

CASE NO.:                                           DIVISION:

JUANEA L. BUTLER, INDIVIDUALLY AND AS REPRESENTATIVE OF
ALL OTHERS SIMILARLY SITUATED

VS.

DENKA PERFORMANCE ELASTOMER LLC, E.I. DUPONT DE NEMOURS AND
COMPANY, STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH
AND HOSPITALS, AND STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF
ENVIRONMENTAL QUALITY

Eliana Derrancesch - Clerk of Court
FILED: Filed: Jun 05, 2018  2:45 PM

‖‖‖‖‖‖‖‖‖‖‖‖‖ 132678491                    DEPUTY CLERK

******* * * * * * * * * * * * * * * 132678491 * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CLASS ACTION PETITION

Plaintiff JUANEA L. BUTLER, individually and as representative of all others similarly

situated, files this *Class Action Petition* against Defendants, Denka Performance Elastomer LLC,

E.I. Dupont De Nemours and Company, State of Louisiana, Through the Department of Health

and Hospitals, and State of Louisiana Through the Department of Environmental Quality

(hereinafter collectively referred to as "Defendants"), as follows:

I.   **PARTIES**

1.

Representative Plaintiff.

    a.   **Juanea L. Butler (**hereinafter referred to as "Plaintiff") is a person of full age of

        majority, resident of the City of LaPlace, and domiciliary of the Parish of St. John

        the Baptist, State of Louisiana.

2.

Defendants.

    a.   **DENKA PERFORMANCE ELASTOMER, LLC** (hereinafter referred to as

        "Denka"), is a Delaware limited liability company with its principal place of

        business and corporate headquarters in LaPlace, Louisiana.

    b.   **E.I. DUPONT DE NEMOURS AND COMPANY** (hereinafter referred to as

"DuPont") is a corporation organized under the laws of the State of Delaware, licensed to do and doing business in the State of Louisiana, who is the owner of the property located on or near 560 LA-44, Laplace, LA 70068 (hereinafter referred to as "Pontchartrain Works Facility"), on which Denka operates a synthetic rubber manufacturing facility that manufactures 2-chlorobuta-1,3-diene (hereinafter referred to as "chloroprene").

c. **STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH AND HOSPITALS** (hereinafter referred to as "DHH"), an executive state agency of the State of Louisiana and corporate body with the power to sue and be sued pursuant to the laws of the State of Louisiana.

d. **STATE OF LOUISIANA THROUGH THE LOUISINA DEPARTMENT OF ENVIRONMENTAL QUALITY** (hereinafter referred to as "DEQ"), an executive state agency of the State of Louisiana and corporate body with the power to sue and be sued pursuant to the laws of the State of Louisiana.

3.

**Class Definition.** The named Plaintiff herein proposes to proceed individually and as representative of a class of persons defined as follows:

**Any and all natural persons, residents, business owners, employees, workers, and students who, at any time from January 1, 2011 have:**

(1) lived, worked, attended school, and/or actually reside within a geographical boundary of St. John the Baptist Parish (hereinafter referred to as "St. John"), starting at the northwest corner of zip code 70084, then proceeding eastward along I-10 through zip code 70084 and southside of zip code 70068, to the northeast corner of the class boundary where Interstate-10 meets the in St. John line within zip code 70068 of St. John, then proceeding southward within St. John along the St. John boundary line over the Mississippi River and through zip code 70057 in St. John to LA Hwy. 3127 within zip code 70049, then proceeding west/southwest along LA Hwy. 3127 within zip code 70049, to the southwest corner of the class boundary where LA Hwy. 3127 meets the St. John parish line within zip code 70049, then continually proceeding northward within St. John along the St. John parish line and through zip codes 70049, 70090 70051, and 70084, to I-10 within zip code 70084 (hereinafter referred to as "defined areas"); and

(2) presented to a medical professional, complaints of experiencing one or more of the following conditions: acute headaches; acute sinus problems; acute dizziness; acute insomnia; acute respiratory problems; acute

respiratory irritation; acute cardiac palpitations; acute gastrointestinal disorder; acute bronchitis; acute onset of asthma; exacerbation of pre-existing asthma; fatigue; nausea; chest pains; skin rash; hair loss; chronic coughing; chronic nasal discharge; chronic cardiovascular disorder; chronic throat irritation; chronic eye irritation; chronic thyroid disorder; anxiety; and/or depression, at any time since April 1, 2012.

## II.   JURISDICTION AND VENUE

4.

Venue is proper in this court pursuant to La. C.C.P. articles 74 and 593 because Defendants engaged in wrongful conduct in and damages were sustained within this judicial district.

## III.   FACTUAL BACKGROUND

5.

For over 48 years, the production of neoprene, a synthetic rubber, has been occurring at the Pontchartrain Works facility in LaPlace, LA (hereinafter referred to as "Pontchartrain Works Facility"), by using pre-manufactured chloroprene as one of its components, a chemical that is emitted into the air then discharged into the water around the production site. DuPont, as the producer and owner of the Pontchartrain Works Facility, gradually consolidated its neoprene production from three (3) facility locations: LaPlace, Louisiana; Montague, Michigan; and Louisville, Kentucky; to one location in 2008, the Pontchartrain Works Facility. That move effectively made LaPlace, Louisiana the nation's capital for production of neoprene, given that Pontchartrain Works facility was the only manufacturing facility for neoprene in the United States.

6.

In September and October of 2015, at least two dozen students who were temporarily relocated to a school in Reserve near the Pontchartrain Works Facility made complaints of headaches, chest tightness, vomiting, dizziness, fever, nausea and several other symptoms. Those complaints were evaluated by DHH, but the cause of the symptoms was quickly labeled as undetermined, as DHH did not believe that the children's symptoms were related to chloroprene emissions. However, during that time, information to the contrary was readily available to DHH via the Material Safety Data Sheets (hereinafter collectively referred to as "MSDS"), which were issued by DuPont, providing information related to the hazards of exposure to chloroprene,

including but not limited to:

- **Inhalation:** Inhalation may damage the lung and/or bronchus; irritate the mouth, throat, and stomach; cause abdominal discomfort, nausea, vomiting and diarrhea. If inhaled, "Move the person to a place with fresh air and consult with a doctor."

    - o "Accidental Release use breathing protection/self-contained breathing apparatus against the effects of fumes… In case of brief exposure of low pollution, use breathing filter apparatus. In case of intensive or longer exposure, use breathing apparatus that is independent of circulating air."

- **Ingestion:** "Highly toxic and may be fatal if swallowed. Should the substance be ingested, let the person vomit it and wash the mouth with water." "Keep away from foodstuffs, beverages and food."

- **Dermal Contact:** "Skin corrosion/irritation." "After skin contact, instantly wash with water and soap and rinse thoroughly.

- **Eye Contact:** "Irritation, tearing and reddening. After eye contact, rinse open eye for at least 15 minutes under running water."

- **Carcinogen:** "Contains a probable or known human carcinogen."

- **Prolonged Exposure:** "Upon prolonged and/or repeated exposure, it can cause moderate respiratory irritation, dizziness, weakness, fatigue, nausea and headache. Toxic! Can cause systemic damage upon prolonged and/or repeated exposure (see "Target Organs)." "Upon prolonged or repeated contact, can cause moderate skin irritation, defatting, and dermatitis.

- **Exposure Prevention and Protective Measures:**

    - o Protective equipment for respiratory organs
    - o Protective equipment for hands
    - o Protective equipment for eyes
    - o Protective equipment for skin and body
    - o After handling, gargle your throat. Wash your hands and face with soap and water.

### 7.

Aside from the information within its MSDS, DuPont also possessed knowledge and information that its chloroprene emissions were in excess of its own internal maximum exposure levels, yet both DHH and DuPont failed to utilize the information and resources available to them to warn the surrounding community and protect them from the harmful effects of the chemical emissions.

### 8.

In fact, while retaining ownership of the underlying land, DuPont quickly sold the Pontchartrain Works facility to Denka on November 1, 2015, who furthered the harmful emission practices and concealment of information after possessing knowledge of the excessive emission

levels Pontchartrain Works facility and its harmful effects on the surrounding community.

9.

In December 2015, the EPA released a screening-level National Air Toxics Assessment (hereinafter referred to as "NATA"), and classified chloroprene as a likely human carcinogen. EPA's NATA evaluation analyzes levels of exposure to various toxins and establishes a 1-in-10,000 (or l00 in 1 million) incidence of cancer as the upper limit of "acceptable risk" exposure. Levels above that "acceptable risk" threshold represent an unacceptable risk of cancer from exposure to that toxin. The NATA acceptable risk exposure threshold for chloroprene was established in the December 2015 assessment as 0.2 $\mu g/m^3$.

10.

Despite having knowledge of the threshold for unsafe exposure concentrations to chloroprene, Denka has continued through the present to emit chloroprene at hundreds of times the 0.2 $\mu g/m^3$ threshold into the surrounding community. From May 25, 2016, through the present, the EPA has collected 24-hour air samples every three days from six locations in the census tracts in the defined area-collection sites located in St. John the Baptist Parish at Acorn and Highway 44, the Mississippi River Levee, Fifth Ward Elementary School, Ochsner Hospital, 238 Chad Baker, and East St. John the Baptist High School. Air samples at all six locations are frequently well in excess of the 0.2 $\mu g/m^3$ threshold, up to 700 times that threshold or more.

11.

EPA held its first community meeting to discuss the potential chloroprene emission issues on July 7, 2016. At that meeting, a representative from DHH advised that children should not breathe chloroprene. Denka commenced 24-hour air sampling every six days on August 8, 2016, at five locations in the census tracts in the defined area – Entergy, Railroad, Western Edge of Denka property at Spruce Street, Mississippi River Levee, Ochsner Hospital, and the St. John the Baptist Parish Courthouse in Edgard. As with the EPA sampling, samples collected at all five Denka sampling sites are frequently well in excess of the 0.2 $\mu g/m^3$ threshold, including concentrations of hundreds of times that threshold. According to Denka's own sampling numbers for chloroprene concentrations, the *average* chloroprene concentration across all Denka sampling

sites from August 2016 through March 2017 has ranged from 4.08 $\mu g/m^3$ to 6.65 $\mu g/m^3$, *i.e.* from 20.4 to 33.25 times the 0.2 $\mu g/m^3$ threshold directed by EPA.

### 12.

On October 7, 2016, Denka submitted modeling results for chloroprene concentrations surrounding the Pontchartrain Works facility to Louisiana DEQ for the period of 2011 through 2015, showing maximum modeled concentration of 7.88 $\mu g/m^3$ in 2011, 9.88 $\mu g/m^3$ in 2012, 12.07 $\mu g/m^3$ in 2013, 8.23 $\mu g/m^3$ in 2014, and 7.22 $\mu g/m^3$ in 2015- all, of course, well in excess of the 0.2 $\mu g/m^3$ threshold. Despite the measured elevated chloroprene concentrations, and despite EPA's NATA-based 0.2 $\mu g/m^3$ acceptable risk threshold, at a St. John the Baptist Parish School Board meeting on or about December 8, 2016, Louisiana DEQ Secretary Chuck Brown dismissed those expressing concern about the chloroprene concentrations as "fearmongerers" and said "forget about 0.2."

### 13.

Historically, the Pontchartrain Works facility has had chloroprene air emissions well in excess of the 0.2 $\mu g/m^3$ threshold. The concentrations of chloroprene emissions from the Pontchartrain Works facility have frequently exceeded DuPont's (and then Denka's) own internal "acceptable emissions limits" since 1976. Notably, the census tracts that include the Pontchartrain Works facility have a risk of cancer more than 800 times the national average.

### 14.

There are no other sources of chloroprene within the census tracts that include the Pontchartrain Works facility. More critically, however, the EPA has classified chloroprene as a "likely human carcinogen." In 2010, the EPA provided its Integrated Risk Information System ("IRIS") assessment of chloroprene. In that assessment, the agency concluded that chloroprene is "'likely to be carcinogenic to humans through a mutagenic mode of action and that the primary exposure route of concern is the inhalation pathway."

### 15.

Despite receiving a warning from the Environmental Protection Agency (hereinafter

referred to as "EPA") that its chloroprene emissions were creating the highest risk of developing cancer in the nation, to those living and working near the production facility, Denka did not take the first measurements of its chloroprene emission levels until October 2016, nearly a year later.

**16.**

In addition to the high risk of cancer from exposure to chloroprene, the EPA also noted that symptoms reported from acute human exposure to high concentrations of chloroprene also include those symptoms experienced by the persons falling under the class defined hereinabove, such as, headache, irritability, dizziness, insomnia, fatigue, respiratory irritation, cardiac palpitations, chest pains, nausea, gastrointestinal disorders, dermatitis, temporary hair loss, conjunctivitis, and corneal necrosis." In addition, the EPA notes that "[a]cute exposure may: damage the liver, kidneys, and lungs; affect the circulatory system and immune system; depress the central nervous system (CNS); irritate the skin and mucous membranes; and cause dermatitis and respiratory difficulties in humans[.]

**17.**

Shortly after EPA commenced its investigation mentioned hereinabove, representatives of the Defendants held a meeting with select neighbors of the Pontchartrain Works facility and expressed to them that there was no problem arising from the Pontchartrain Works facility's chloroprene emissions. Not until April 3, 2017, did EPA make available to the public a redacted copy of the inspection report generated from the NEIC inspection.

**18.**

The EPA's NEIC inspection report revealed numerous areas of non-compliance spanning both DuPont's and Denka's operation of the Pontchartrain Works facility, including but not limited to: failure from 1997 through the present to meet the monitoring, recordkeeping, and reporting requirements for the chloroprene vent condenser; approximately 10,000 regulated components that have been neither identified nor monitored for leaks and emissions; failures to replace leaking valves within required time limits; more than 500 open-ended lines; failure to include appropriate emissions factors in air permit application materials; failure to institute appropriate emissions controls for the chloroprene Group I storage tank, the surge control vessels, and the combustion

chambers; and failure to maintain required destruction efficiency and minimum atomization flow rates.

### 19.

On information and belief, the acts and failures of Defendants as recorded in the NEIC inspection report are currently under review by the U.S. Department of Justice. On January 6, 2017, Denka entered into an Administrative Order on Consent ("AOC") with LDEQ with a target to reduce its chloroprene emissions by 85%. Even if the results of the AOC are successful, however, an 85% reduction from the emission levels displayed by Denka's own community-wide modeling will still be far in excess of the $0.2 \ \mu g/m^3$ threshold.

### 20.

The EPA has observed that "the top 6 census tracts with the highest NATA-estimated cancer risks nationally are in Louisiana due to Denka (formerly DuPont) chloroprene emissions." The "Background Cancer Risk" reported in the NATA assessment for the census tracts in the vicinity of the Pontchartrain Works facility is 3.365 per million, while the cancer risk from chloroprene exposure in those census tracts ranges from 158.515 to 768.46 per million, all well above the acceptable risk level recommended by EPA.

**Plaintiff, Juanea L. Butler**

### 21.

The Plaintiff, along with all proposed class members, are exposed regularly to unsafe levels of chloroprene emitted by the Denka Pontchartrain Works facility and are therefore at a high risk for cancer. Since moving to LaPlace, Louisiana in 1998 until current date, the Plaintiff has continually been within the path of exposure to the harmful chloroprene emissions, living and working within 5.5 miles of the Denka Pontchartrain Works facility.

### 22.

The Plaintiff and all other persons falling under the proposed defined class (hereinafter collectively referred to as "Plaintiffs") lived, worked, and/or attend school within the class defined area, which corresponds with the $0.2 \ \mu g/m3$ isopleth.

**23.**

During the 2002 school year, the Plaintiff began working for St. John the Baptist Parish School Board at East St. John High School, 1 Wildcat Dr, Reserve, LA 70084, only 3.2 miles norward from the Denka Pontchartrain Works facility. During the school year of 2011, the Plaintiff commenced work at Leon Godchaux Jr High Campus, 1880 LA-44, Reserve, LA 70084, only 3.3 miles westward from the Denka Pontchartrain Works facility; then in 2015, the Plaintiff recommenced employment with East St. John High School. The Plaintiff currently resides at 23 Sawgrass Dr, Laplace, LA 70068, only 5.5 miles from the Denka Pontchartrain Works facility.

**24.**

Due to the Plaintiff's exposure to the chloroprene emissions, she has experienced symptoms attributable to exposure of said chemical. Since April 2012 until current date, the Plaintiff has continually sought medical attention for the following conditions: acute bronchitis; coughing; throat irritation, redness, and swelling; nasal blockage, congestion, and sneezing; sinusitis, nasal polyps; exacerbation of pre-existing asthma; shortness of breath; wheezing; rhinosinusitis; thyroid enlargement; cardiac problems; nausea; vomiting; headaches; fatigue; epistaxis (nose bleeds); anxiety; depression; insomnia; and temporary hair loss.

**25.**

Due to the above symptoms and medical treatment, the Plaintiff has also been experiencing fear of cancer and fear of death.

**IV. CLASS ACTION REQUISITES**

**26.**

Plaintiffs are entitled to maintain this action as a class action pursuant to La. C.C.P. art. 591 for the following reasons:

**27.**

First, the class is objectively ascertainable. As defined above, the proposed class consists of:

Any and all-natural persons, residents, business owners, employees, workers, and

students who, at any time from January 1, 2011 have:

(1) lived, worked, attended school, and/or actually reside within a
geographical boundary of St. John the Baptist Parish (hereinafter referred to
as "St. John"), starting at the northwest corner of zip code 70084, then
proceeding eastward along I-10 through zip code 70084 and southside of zip
code 70068, to the northeast corner of the class boundary where Interstate-10
meets the in St. John line within zip code 70068 of St. John, then proceeding
southward within St. John along the St. John boundary line over the
Mississippi River and through zip code 70057 in St. John to LA Hwy. 3127
within zip code 70049, then proceeding west/southwest along LA Hwy. 3127
within zip code 70049, to the southwest corner of the class boundary where
LA Hwy. 3127 meets the St. John parish line within zip code 70049, then
continually proceeding northward within St. John along the St. John parish
line and through zip codes 70049, 70090 70051, and 70084, to I-10 within zip
code 70084 (hereinafter referred to as "defined areas"); and

(2) presented to a medical professional, complaints of experiencing one
or more of the following conditions: acute headaches; acute sinus problems;
acute dizziness; acute insomnia; acute respiratory problems; acute
respiratory irritation; acute cardiac palpitations; acute gastrointestinal
disorder; acute bronchitis; acute onset of asthma; exacerbation of pre-
existing asthma; fatigue; nausea; chest pains; skin rash; hair loss; chronic
coughing; chronic nasal discharge; chronic cardiovascular disorder; chronic
throat irritation; chronic eye irritation; chronic thyroid disorder; anxiety;
and/or depression, at any time since April 1, 2012.

28.

1.  This class may be easily determined through objective documentation of property

records showing ownership, and/or lease agreements documenting residence in the

defined area; school attendance records, employment records, and various other

legal filings and public records.

29.

2.  The Class consists of a total number of class members within the defined area who

are so numerous that joinder of all members is impracticable; on information and

belief, there are tens of thousands of such affected putative class members.

30.

3.  Questions of law and fact common to all members of the Class predominate over

individual issues, including but not limited to:

a.  whether the Defendants provided adequate warning and disclosure of the

risk of exposure to chloroprene to the Plaintiffs;

b. whether the Defendants provided adequate warning and disclosure of the harmful effects of exposure to chloroprene;

c. whether the Defendants failed property and timely investigate the chloroprene emissions;

d. whether the Defendants failed to timely and adequately test, sample, and/or measure the level of chloroprene emissions from the Pontchartrain Works facility; and

e. when each of the Defendant's obtained knowledge of excessive chloroprene emissions.

**31.**

4.  The claims of the Plaintiff are typical of the claims of the proposed Class, who are by definition likewise within the class defined area and experienced the same injuries. Because the Plaintiff has incurred the same exposure to chloroprene above acceptable risk thresholds as a member of the proposed Class, her interests in the personal injury remedies are identical to those of the proposed Class.

**32.**

5.  The Representative Plaintiff will fairly and adequately protect the interests of the proposed Class, as she has retained counsel experienced in the prosecution of class action litigation, and counsel will adequately represent the interests of the class. Plaintiff and her counsel are aware of no conflicts of interest between Plaintiff and absent class members or otherwise. Plaintiff has, or can acquire, adequate financial resources to assure that the interests of the class will not be harmed. Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel in the prosecution of this litigation.

**33.**

6.  The criteria for defining the proposed Class, as set out above, are objectively ascertainable through objective documentation of property records showing ownership, and/or lease agreements documenting residence in the defined area;

school attendance records, employment records, and various other legal filings and public records, as well as Denka's own map showing the 0.2 $\mu g/m^3$ isopleth.

### 34.

7.  The prosecution of separate actions by individual putative class members within the class defined area, rather than a Class as proposed, would create a risk of inconsistent or varying adjudications and the potential for imposition of inconsistent duties and standards of care as to each of the Defendants and for prejudicial determinations as to the rights of subsequent plaintiffs, as each Defendant's conduct has harmed all Class Members.

### 35.

8.  As noted above, the common issues of fact and law predominate over those issues that may pertain to individual plaintiffs' claims.

### 36.

9.  The class action procedure is superior to other methods for the fair and efficient adjudication of the claims herein, because:

    a.  The vast majority of the class members have interest in, and it would be impractical for them to pursue, controlling the prosecution of individual actions for the remedies sought in this Class Action Petition, due to the expense in investigating and prosecuting the issues common to the whole class;

    b.  It is desirable to concentrate all litigation regarding the effects of the excess release of chloroprene within a single forum, particularly insofar as the Defendants should be ordered to fund the research to determine the carcinogenicity of exposure to their emissions of chloroprene;

    c.  Class litigation is an efficient mechanism for managing the claims of the class members, due to the opportunity to afford reasonable notice of significant phases of the litigation to class members and to permit distribution of the recovery; and

    d. The vindication of public policy interests in compensating the Plaintiff and all others similarly situated justify the invocation of the process of class litigation, including any attendant costs or burdens.

## V.    ALLEGATIONS AGAINST DENKA PERFORMANCE ELASTOMER LLC

### 37.

Plaintiffs incorporate by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

### 38.

At all times relevant hereto, Defendant Denka owned and exercised care, custody and control of all contents, component parts, machinery, equipment and other appurtenances at the facility known as the Pontchartrain Works Facility where the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility occurred.

### 39.

Denka knew or should have known that said emissions were in excess of emission levels due to its own assessments, published MSDS, and warnings from the EPA and others; and Denka failed to exercise reasonable care as it did not take measurements of said emission levels until October 2016 and continues to emit chloroprene above safe levels. As a result, said Denka is strictly liable under the provisions of Louisiana Civil Code Article 2317 for damages caused to plaintiffs described herein.

### 40.

Defendant, Denka could have prevented the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, on or about and following November 1, 2015 and thereafter but negligently failed to do so.

41.

Defendant, Denka, possessed knowledge of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, and negligently and/or recklessly and/or intentionally failed to disclose that information to the Plaintiffs.

42.

Denka had further knowledge that the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, were in excess of the emission levels established by Denka's internal standards and negligently and/or recklessly and/or intentionally failed to disclose that information to the Plaintiffs.

43.

Further, Denka, after receiving notice of the excessive discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, failed to timely and adequately warn the community of the high risk of exposure to chloroprene and the illness associated with exposure to chloroprene; and also failed to timely and adequately take corrective action and/or place the necessary equipment to reduce and/or contain said emissions to protect the Plaintiffs from the harmful effects of exposure to its chloroprene.

44.

DuPont and/or Denka issued material safety data sheets providing information related to the hazards of exposure to the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" by others through inhalation, dermal, ingestion, and ocular pathways and the preventative and protective measures against said exposure but Denka

negligently and/or recklessly and/or intentionally failed to disclose that information to the Plaintiffs.

**45.**

Although DuPont and/or Denka issued and/or possessed and/or had an awareness of material safety data sheets providing information related to the harmful effects of exposure to the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" by others, Denka has continued to deny that said exposure is hazardous and/or could cause the symptoms and/or conditions and/or injuries experienced by the Plaintiff and all other persons falling under the proposed defined class.

**46.**

Defendant, Denka, after having knowledge of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the a air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, failed to timely and appropriately collect samples and/or perform measurements and/or assess said discharge(s) and/or emission(s) and/or release(s).

**47.**

Defendant, Denka, after having knowledge of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the a air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, has failed to date, to reduce said discharge(s) and/or emission(s) and/or release(s) to a level safe to the Plaintiff and all others persons falling under the proposed defined class.

**48.**

Further, Denka, after receiving notice of the excessive discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility and said emissions' harmful

effects on the Plaintiffs, failed to timely and adequately:

1.  Self-report violations under the Environmental Quality Act (hereinafter referred to as "EQA");

2.  Report violations under the "Air Control Law" after said discharge(s) and/or emission(s) and/or release(s) exceeded the allowable limits;

3.  Notify the Office of Solid and Hazardous Waste pursuant to the "Hazardous Waste Control Law," after obtaining information indicating hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" was discharge(s) and/or emission(s) and/or release(s) and/or leaking or otherwise moving in, into, within, or on any land or water;

4.  Notify the Department of Public Safety and Corrections under the "Hazardous Materials Information Development, Preparedness, and Response Act" of said discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene," after exceeding the allowable levels.

5.  Report the release to the "Hazardous Material Hotline" with the Emergency Response Commission, local emergency planning, and/or other applicable agencies who should have been notified with the forty-five (45) days after a reportable release occurred, pursuant to the "Hazardous Materials Information Development, Preparedness, and Response Act."

6.  Report its failure to report under the EQA;

7.  Cease violations of the Louisiana Environmental Quality Act, Hazardous Materials Information Development, Preparedness, and Response Act, Air Control Law, and Hazardous Waste Control Law, and other applicable Louisiana laws.

8.  Install proper discharge and/or emission and/or release and/or leak detection equipment and other equipment to reduce emissions.

9.  Take reasonable steps to timely warn and/or report and/or inform and/or notify the DEQ of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility.

**49.**

Denka has been using the Pontchartrain Works Facility to produce and/or manufacture "chloroprene," which is discharged, emitted, and/or released into the air and in, into, within, on, and/or above the properties of the Plaintiffs, depriving them of the use of their property, as the Plaintiffs fear contracting illness and cancer upon exposure of the chloroprene existing in, into, within, on, and/or above their properties, being aware that the chloroprene is present there due to the recent reports. Thus, the Plaintiffs are remaining indoors to prevent exposure of the chloroprene.

**50.**

Denka knew or should have known that said emissions would deprive the Plaintiffs of the use of their property, as EPA and others have reported harmful levels of chloroprene existing in the areas that the Plaintiffs live, work, and/or attend school; and Denka has knowledge that its emissions do not comport with the rules of the police or the customs of its facility. Yet, Denka has continually emit such harmful emissions, which show an entire, utter, complete, and extreme lack of care and recklessness with respect to the rights of the Plaintiffs.

**51.**

Denka has continually operated its Pontchartrain Works Facility within permits written by DEQ,   and continually discharge(s) and/or emits(s) and/or release(s) the hazardous waste materials, and/or toxic chemicals, and/or by-products, and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, in excess of safe levels to the Plaintiff and all others persons falling under the proposed defined class, which has given rise to continuing and successive damages from day to day suffered by the Plaintiff and all others persons falling under the proposed defined class, until current date.

**52.**

Plaintiffs state a cause of action for absolute liability pursuant to La. C.C. art. 2315 for conducting an ultrahazardous activity against Denka based upon the allegations stated herein. Denka was and still is directly engaging in the manufacturing, production, storage, processing, and transferring toxic chemicals, including chloroprene, as part of their business at the Pontchartrain

Works facility. Under Louisiana law, industrial, and societal customary understanding, chloroprene constitutes poisonous gas and is a likely human carcinogen. The storage of poisonous gas is an activity which can cause damages to others even when conducted with great care and prudence.

### 53.

Denka knowingly released the toxic chloroprene chemical into the air and/or soil and/or water from the Pontchartrain Works facility, causing injury to the Plaintiffs.

### 54.

To the extent the claims for such remedies become mature, Denka and DuPont would be liable for damages caused by their conduct, including but not limited to the cost of testing class members for exposure to chloroprene, the cost of research to determine the carcinogenicity of exposure to chloroprene emissions, medical monitoring for development of cancer and other maladies due to chloroprene exposure, treatment of physical symptoms of chloroprene exposure, compensation for reasonable and justified fear of cancer due to chloroprene exposure.

## VI.    E.I. DUPONT DE NEMOURS AND COMPANY

### 55.

Plaintiffs incorporate by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

### 56.

At all times relevant hereto, Defendant DuPont owned and exercised care, custody and control of all land, facility, contents, component parts, machinery, equipment and other appurtenances at the facility known as the Pontchartrain Works Facility, where the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility occurred, until it sold said facility to Denka in November 2015, maintaining ownership of the underlying land.

### 57.

DuPont knew or should have known that said emissions were in excess of emission levels

due to its own assessments, published MSDS, and warnings from the EPA and others; and DuPont failed to exercise reasonable care as it did not place adequate equipment reduce said emissions, nor did it report such violations of emission standards.

**58.**

Further, while owning and operating the Pontchartrain Works Facility, after receiving notice of the excessive discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility and said emissions harmful effect on the Plaintiffs, it failed to timely and adequately:

1. Self-report violations under the Environmental Quality Act (hereinafter referred to as "EQA");

2. Report violations under the "Air Control Law," after said discharge(s) and/or emission(s) and/or release(s) exceeded the allowable limits;

3. Notify the Office of Solid and Hazardous Waste pursuant to the "Hazardous Waste Control Law," after obtaining information indicating hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" was discharge(s) and/or emission(s) and/or release(s) and/or leaking or otherwise moving in, into, within, or on any land or water;

4. Notify the Department of Public Safety and Corrections under the "Hazardous Materials Information Development, Preparedness, and Response Act" of said discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene," after exceeding the allowable levels.

5. Report the release to the "Hazardous Material Hotline" with the Emergency Response Commission, local emergency planning, and/or other applicable agencies who should have been notified with the forty-five (45) days after a reportable release occurred, pursuant to the "Hazardous Materials Information Development, Preparedness, and Response Act."

6. Report its failure to report under the EQA;

7.   Cease violations of the Louisiana Environmental Quality Act, Hazardous Materials Information Development, Preparedness, and Response Act, Air Control Law, and Hazardous Waste Control Law, and other applicable Louisiana laws.

8.   Install proper discharge and/or emission and/or release and/or leak detection equipment and other equipment to reduce emissions.

9.   Take reasonable steps to timely warn and/or report and/or inform and/or notify the DEQ of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility.

**59.**

Defendant, DuPont could have prevented the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, while it owned said facility until November 2015, but negligently failed to do so.

**60.**

Defendant, DuPont, possessed knowledge of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, while it owned said facility, and negligently and/or recklessly and/or intentionally failed to disclose that information to the Plaintiffs.

**61.**

DuPont had further knowledge that the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, while it owned said facility, were in excess of safe emission levels and negligently and/or recklessly and/or intentionally failed to disclose that information to the Plaintiffs.

**62.**

Further, DuPont, after receiving notice of the excessive discharge(s) and/or emission(s)

and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, failed to timely and adequately warn the community of the elevated risk of exposure to chloroprene and the illness associated with exposure to chloroprene; and also failed to timely and adequately take corrective action and/or place the necessary equipment to reduce and/or contain said emissions to protect the Plaintiffs from the harmful effects of exposure to its chloroprene.

63.

DuPont and/or Denka issued material safety data sheets providing information related to the hazards of exposure to the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" by others through inhalation, dermal, ingestion, and ocular pathways and the preventative and protective measures against said exposure but DuPont negligently and/or recklessly and/or intentionally failed to disclose that information to the Plaintiff and all other persons falling under the proposed defined class.

## VII.    ALLEGATIONS AGAINST THE DEPARTMENT OF ENVIRONMENTAL QUALITY

64.

Plaintiffs incorporate by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

65.

Despite receiving notice from the EPA of the excessive discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, DEQ did not timely or adequately issue a press release warning the public and Plaintiffs of the dangers and/or potential consequences of the discharge.

66.

Upon information and belief, DEQ is currently and continues to act in a manner as to shield

Defendant, Denka, from liability as a result of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility.

67.

The actions of Defendant, DEQ, in attempting to cover-up and/or otherwise shield Defendant, Denka, from liability constitute misfeasance and/or malfeasance and said actions of DEQ have caused and will continue to cause Plaintiffs to suffer damages and injuries.

68.

Defendant, DEQ, acted with gross negligence or in a reckless and wanton disregard of the safety of the Plaintiffs in failing to immediately advise Plaintiffs of said excess emissions of chloroprene from the Pontchartrain Works Facility into the surrounding communities.

69.

Defendant, DEQ, failed to take reasonable steps to timely warn the public of the dangers inherent in the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility.

70.

Upon information and belief, Defendant, DEQ has failed to uphold its affirmative statutory duty to conduct routine sampling and testing of the hazardous waste material, and/ or toxic chemicals, and/or chloroprene from the Pontchartrain Works facility.

71.

Defendant, DEQ, acted with gross negligence or in a reckless and wanton disregard of the safety of the Plaintiffs in failing to timely and adequately test soil, ground water, and/ or air on the Denka/Dupont property and areas of the surrounding communities, in breach of its duty to protect the health and safety of Plaintiffs in spite of the fact that damage and risk to Plaintiffs was foreseeable.

72.

Upon information and belief, Defendant, DEQ, has not tested wells, groundwater, surface or soil on or around Plaintiffs' property or otherwise determined the specific chemicals discharged, released and/or emitted by Defendant, Denka, into the communities surrounding the Pontchartrain Works Facility to determine the risk to Plaintiffs and/or the extent of their damages.

VIII.   ALLEGATIONS AGAINST THE DEPARTMENT OF HEALTH AND HOSPITALS

73.

Plaintiffs incorporate by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

74.

Despite receiving notice from the EPA of the excessive discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, DHH did not timely or adequately issue a press release warning the public and Plaintiffs of the dangers and/ or potential consequences of the discharge.

75.

Further, after receiving reports of complaints of approximately two dozen students complaining of illness since relocating to a school near the Pontchartrain Works Facility, it failed to adequately and fully investigate the cause of the symptoms and warn the public of the harmful effects of exposure to chloroprene, ignoring the information available to it by way of EPA findings, MSDS, and other readily available information.

76.

DHH, after receiving notice of the excessive discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, failed to timely and adequately warn

the community of the high risk of exposure to chloroprene and the illness associated with exposure to chloroprene.

## IX.   ALLEGATIONS AGAINST ALL DEFENDANTS

### 77.

Plaintiffs incorporate by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

### 78.

Defendants, Denka, and/or DEQ and/or DHH (hereinafter collectively referred to as "Defendants") failed to take reasonable steps to timely warn Plaintiffs of the inherently dangerous condition posed by the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility.

### 79.

Further, Defendants' failure to timely warn Plaintiffs of the discharge(s) and/or emission(s) and/or release(s) of the hazardous waste materials, and/or toxic chemicals, and/or by-products, and/or "chloroprene" from the Pontchartrain Works Facility into the air and/or soil and/or water of the community surrounding the Pontchartrain Works Facility, deprived the Plaintiffs of the opportunity to take the following steps to protect their person and/or property:

1. Test ground water and wells so that Plaintiffs could determine the potability of their drinking water immediately following the discharge(s) and thereafter;

2. Test the air so that the Plaintiffs could determine the risk of contracting an illness and/or cancer by exposure to chloroprene outside their homes, work, and/or schools;

3. Evacuate the affected area;

4. Avoid contact with chloroprene;

5. Seek protective equipment and/or clothing to prevent exposure of themselves to chloroprene;

6. Seek and obtain proper medical advice to ascertain whether their symptoms were being caused by their exposure to chloroprene;

7. Seek and obtain proper medical treatment for their injuries; and

8. Other facts and circumstances which shall be admitted into evidence at the trial on the merits in this cause of action.

### 80.

Denka and DuPont knew or should have known with substantial certainty that the chloroprene would contact the Plaintiffs and such contact would be harmful or offense to them, as Denka and DuPont have been well aware that chloroprene is discharged and/or emitted and/or released into the air surrounding community of the surrounding community, making it likely to come into contact with the Plaintiffs; and such contact would be offense and/or harmful to the Plaintiffs as Denka and DuPont were also aware that exposure to chloroprene has harmful effects according to warnings of others and their own MSDS.

### XI. REQUESTS FOR DECLARATORY JUDGMENT AND INJUNCTIONS

### 81.

Plaintiffs incorporate by reference all previous allegations in the preceding paragraphs as if fully set forth herein.

### 82.

Despite the overwhelming evidence provided by the EPA, NATA, expert opinions subject to many peer review, MSDS, and epidemiology studies establishing the high risk of cancer and other illnesses from exposure chloroprene in excess levels, Denka and DEQ have arbitrarily and capriciously refused to commit to reducing emissions to the recommended level of an annual average exposure of 0.2 micrograms (mcg) per cubic meter of air.

### 83.

La. Const. art. I, § 1 provides that "All government, of right, originates with the people, is founded on their will alone, and is instituted to protect the rights of the individual and for the good of the whole." Its only legitimate ends are to secure justice for all, preserve peace, protect the

rights, and promote the happiness and general welfare of the people." "The rights enumerated in this Article are inalienable by the state and shall be preserved inviolate by the state."

84.

By refusing to acknowledge a reduction in chloroprene emissions to an acceptable level of 0.2 μg/m3 (hereinafter referred to as "acceptable levels") is necessary for the safety of the Plaintiffs, DEQ has continually allowed Denka to discharge, release, and/or emit chloroprene from the Pontchartrain Works Facility into the air and water of surrounding communities, causing injuries to the Plaintiffs and making said emissions violations of the Plaintiff's constitutional rights of general welfare and happiness under La. Const. art. I, § 1.

85.

Furthermore, DEQ's arbitrary and capricious refusal to set standard reductions in chloroprene emission levels at the Pontchartrain Works Facility to acceptable levels, is a violation of the "Louisiana Environmental Quality Act" under La. R.S. 30:2001 *et seq.*, and La. Const. art. IX, § 1, as its actions allow and/or permit the unconstitutional emission of chloroprene by Denka, depriving the Plaintiffs to their rights to good health and welfare

86.

Moreover, due to the harmful levels of chloroprene from the Pontchartrain Works Facility being emitted into the air of the Plaintiff's properties, the Plaintiffs are unable to enjoy and use the properties in accordance with their rights under La. Const. art. I, § 4, as they suffer with legitimate fear of contracting cancer and other illnesses from exposure to chloroprene filled air outside the confines of their homes.

87.

The Plaintiffs aver that according to statements by DEQ and Denka, their refusal to reduce chloroprene being emitted into the air at the Pontchartrain Works Facility to acceptable levels, is based upon a consideration of economic impacts to Denka by doing so. However, Denka's current emissions of chloroprene violates La. Const. art. I, § 24, as it disparages the Plaintiffs' "inalienable" rights to happiness and general welfare under La. Const. art. I, § 1, which are afforded greater weight than those enumerated in other constitutional articles, which may be

applicable to Denka. *St. Mary Anesthesia Assocs. v. Hosp. Serv. Dist. No.* 2, 836 So. 2d 379, 382 (La.App. 1 Cir. 12/20/02).

### 88.

Plaintiffs aver that by refusing to set chloroprene emission reduction standards to meet acceptable levels, DEQ is abusing "arbitrary" and "capriciously" abusing its discretionary authority and is guilty of "clearly unwarranted exercise of discretion" in exercising the quasi-legislative authority delegated to it by the legislature and the constitution, as such delegation was aimed at allowing DEQ to establish procedures and standards towards preservation and protection of the air, water, and soil from hazardous pollution, in furtherance of the Louisiana Constitution.

### 89.

Plaintiffs aver that their exposure of the continued excessive emissions of chloroprene from the Pontchartrain Works Facility, have caused them to sustain continual and provable personal injuries, high risks of serious illnesses and death, and deprivation of their constitutional rights; and that they should not be deprived of their constitutional rights as a result of Denka and/or Dupont's failure to adequately measure, predict, and/or assess the costs, risks, and necessities of their own business.

### 90.

Plaintiffs further aver that any economic impact suffered by Denka in reducing said chloroprene emissions to acceptable levels was borne by Denka's own acts and/or omissions in failing to timely and adequately act on the knowledge it possessed of the excessive chloroprene emissions and their harmful impacts.

### 91.

Plaintiffs aver that given that the excessive emissions of chloroprene at the Pontchartrain Works Facility and the harmful effects to the Plaintiffs from the exposure thereof are continuing, it represents a dispute between adverse parties with opposing claims ripe for judicial determination and involves adversarial questions asserted by interested parties based upon existing facts, a present and justifiable controversy requesting specific relief through a decree of conclusive character exists, making this matter appropriate for relief pursuant to LSA C.C.P. Art. 1871 *et seq.*,

and declaring:

1. Emission(s), discharge(s), and/or release(s) of chloroprene in excess of 0.2 micrograms (mcg) per cubic meter into the air, by Denka from its Pontchartrain Works Facility, to be an unconstitutional violation of the Plaintiff's rights under La. Const. art. I, § 1; La. Const. art. IX, § 1; La. Const. art. I, § 4; and/or La. Const. art. I, § 24.

2. Denka's failure to reduce emission(s), discharge(s), and/or release(s) of chloroprene into the air to levels of 0.2 micrograms (mcg) per cubic meter or less, from the Pontchartrain Works Facility, is a violation of the Plaintiffs' rights under La. Const. art. I, § 1; La. Const. art. IX, § 1; La. Const. art. I, § 4; and/or La. Const. art. I, § 24.

3. DEQ's failure to set emission standards reducing the emission(s), discharge(s), and/or release(s) of chloroprene into the air to levels of 0.2 micrograms (mcg) per cubic meter or less, to be a violation of the Plaintiffs' rights under La. Const. art. I, § 1; La. Const. art. IX, § 1; La. Const. art. I, § 4; La. Const. art. I, § 24; and/or La. R.S. 30:2001.

**92.**

Upon information and beliefs, Denka will continue to emit, discharge, and/or release chloroprene into the air from the Pontchartrain Works Facility, at levels in excess of 0.2 micrograms (mcg) per cubic meter for a long duration of time without the intention of reducing said emissions to acceptable levels, threatening irreparable injury or loss resulting to the Plaintiffs without the issuance of a preliminary injunction. Therefore, the Plaintiffs request that this Honorable Court issue a preliminary injunction herein, directed unto Defendant, Denka, restraining, enjoining, and prohibiting it, or any other persons, entities, firms, corporations or partnerships acting or claiming to act on its behalf from in any manner whatsoever, from discharging, emitting, and/or releasing chloroprene into the air from the Pontchartrain Works Facility, at levels in excess of 0.2 micrograms (mcg) per cubic meter; and that in due course, the preliminary injunction in the same form and substance be made permanent.

**93.**

As a result of the forgoing acts and omissions of Defendants, Plaintiffs and all others situated are entitled to such damages that include but aren't limited to:

1. Past, present, and future physical injuries;

2. Past, present, and future emotional distress;

3. Past, present, and future pain and suffering;

4. Future Medical Monitoring;

5. Fear of cancer;

6. Past, present, and future loss of wages;

7. Loss of earning capacity;

8. Past, present, and future medical expenses and pharmaceuticals;

9. Past, present, and future loss of enjoyment of life;

10. Past, present, and future expert fees, costs, and expenses;

11. Exemplary and punitive damages;

12. Past, present, and future attorney fees;

13. Inflationary adjustments to the above-mentioned damages;

14. Judicial interest from the date of judicial demand;

15. All court costs associated with this action, present and future; and

16. Such other and further relief as this Honorable Court deems just and proper.

**WHEREFORE,** the Plaintiff and all those similarly situated pray that, the Defendants be served with a certified copy of this Class Action Petition and Citation thereof and Rule to Show Cause; after due proceedings be had, this action be ordered to go forward as a class action and/or this action be granted class certification as petitioned for herein, each Defendant be found liable and indebted to the Plaintiff and all those similarly situated, jointly and solidarily; and after due proceedings are had, there be judgment herein in favor of Plaintiff and all those similarly situated and against each Defendant, and that the following orders and judgments be issued herein:

a) Granting certification of the class as alleged herein;

b) To the extent the causes of action for such remedy becomes mature, medical monitoring for development of cancer and other maladies due to chloroprene exposure;

c) Awarding judicial interest from the date of the judicial demand;

d)   Awarding punitive damages to the extent permitted under any applicable law;

e)   Awarding the award of costs, expenses and reasonable attorneys' fees in favor of the Plaintiffs and all those similarly situated to the fullest extent authorized by law;

f)   Awarding the damages cited hereinabove;

g)   After all legal delays and proceedings are had, that there be judgment rendered herein in favor of the Plaintiff and all other persons situated, declaring: (1) Emission(s), discharge(s), and/or release(s) of chloroprene in excess of 0.2 micrograms (mcg) per cubic meter into the air, by Denka from the Pontchartrain Works Facility, to be an unconstitutional violation of the Plaintiff's rights under La. Const. art. I, § 1; La. Const. art. IX, § 1; La. Const. art. I, § 4; and/or La. Const. art. I, § 24; (2) Denka's failure to reduce emission(s), discharge(s), and/or release(s) of chloroprene into the air to levels of 0.2 micrograms (mcg) per cubic meter or less, from the Pontchartrain Works Facility, is a violation of the Plaintiffs' rights under La. Const. art. I, § 1; La. Const. art. IX, § 1; La. Const. art. I, § 4; and/or La. Const. art. I, § 24; and (3) DEQ's failure to set emission standards reducing the emission(s), discharge(s), and/or release(s) of chloroprene into the air to levels of 0.2 micrograms (mcg) per cubic meter or less, to be a violation of the Plaintiffs' rights under La. Const. art. I, § 1; La. Const. art. IX, § 1; La. Const. art. I, § 4; La. Const. art. I, § 24; and/or La. R.S. 30:2001.

h)   That the Defendant, Denka, be duly ordered to show cause on a day and at a time to be assigned by this Court why a preliminary injunction should not be issued herein, directed to the Defendant, Denka, restraining, enjoining, and prohibiting it, or any other persons, entities, firms, corporations or partnerships acting or claiming to act on its behalf from in any manner whatsoever, from discharging, emitting, and/or releasing chloroprene into the air from the Pontchartrain Works Facility, at levels in excess of 0.2 micrograms (mcg) per cubic meter; and that in due course, the preliminary injunction in the same form and substance be made permanent;

i)   Such other and further relief which the Court deems necessary and proper at law and

in equity and that may be just and reasonable under the circumstances of this matter; and

j)   Plaintiffs request a jury trial of all claims in this matter.

Respectfully submitted:

**RUSSELL LAW FIRM, LLC**

Danny D. Russell (#36271)
733 E. Airport Ave., Suite 201
Baton Rouge, LA 70806
Telephone:  (225) 307-0088
Telecopier:  (225) 307-0087
Email: danny@dannyrusselllaw.com

**PLEASE SERVE:**

1.   **Denka Performance Elastomer LLC**
     *Through Its Agent for Service of Process:*
     CT Corporation System
     3867 Plaza Tower Dr.
     Baton Rouge, LA 70816

2.   **E.I. Dupont De Numours and Company**
     *Through Its Agent for Service of Process:*
     CT Corporation System
     3867 Plaza Tower Dr.
     Baton Rouge, LA 70816

3.   **State of Louisiana, Through the Department of Environmental Equality**
     *Through Its Agents for Service of Process:*
     Hon. Jeff Landry, Attorney General of Louisiana
     900 N. 3rd St., 22nd Floor
     Baton Rouge, LA 70802

          *AND*

     **Dr. Chuck Carr Brown**
     Secretary, State of Louisiana
     Through the Department of Environmental Equality
     602 N. 5th St.
     Baton Rouge, LA 70802

          *AND*

     **Bud Thompson**
     Director, State of Louisiana, Office of Risk Management,
     1201 N. 3rd St.
     Claiborne Building, Suite G192
     Baton Rouge, LA 70802

Page **31** of **32**

4. **State of Louisiana, Through the Department of Health and Hospitals**
   *Through Its Agents for Service of Process:*
   Hon. Jeff Landry, Attorney General of Louisiana
   900 N. 3rd St., 22nd Floor
   Baton Rouge, LA 70802

   *AND*

   **Dr. Rebkah E. Gee**
   Secretary, State of Louisiana
   Through the Department Health and Hospitals
   628 N. 4th St.
   Baton Rouge, LA 70802

   *AND*

   **Bud Thompson**
   Director, State of Louisiana, Office of Risk Management,
   1201 N. 3rd St.
   Claiborne Building, Suite G192
   Baton Rouge, LA 70802

40TH JUDICIAL DISTRICT COURT FOR ST. JOHN THE BAPTIST PARISH

STATE OF LOUISIANA

CASE NO.:                                                        DIVISION:

JUANEA L. BUTLER

VS.

DENKA PERFORMANCE ELASTOMER LLC; E.I. DUPONT DE NEMOURS AND
COMPANY, STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF HEALTH
AND HOSPITALS, AND STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF
ENVIRONMENTAL QUALITY

Eliana DeFrancesch - Clerk or Court
FILED: Filed: Jun 05, 2018  2:45 PM

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖                    DEPUTY CLERK

*** * * * * * * * * * * * * * * * 132678483 * * * * * * * * * * * * * * * * * * * * * * * * *

## AFFIDAVIT OF VERIFICATION

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

**BEFORE ME,** personally came and appeared, **JUANEA L. BUTLER.,** who, after being

duly sworn, deposed:

That she has read the above-captioned *Class Action Petition*, and all of the allegations of

fact contained therein are true and correct, to the best of her knowledge, information, and belief.

_____
**JUANEA L. BUTLER**

Sworn to and subscribed before me,
this 30th day of May ,2018.

_____
Notary Public

DANNY D. RUSSELL
NOTARY PUBLIC
BAR #302271/ID #142058
MY COMMISSION IS FOR LIFE.

222

D55435127

D55435127

## CITATION

| | |
|---|---|
| JUANEA L BUTLER | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST.JOHN THE BAPTIST |
| DENKA PERFORMANCE ELASTOMER LLC | STATE OF LOUISIANA |
| DOCKET NUMBER: C-72327 | |

To:   **E.I. DUPONT DE NUMOURS AND COMPANY**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**3867 PLAZA TOWER DR.**
**BATON ROUGE, LA 70816**

Eliana DeFrancesch - Clerk of Court
2018  11:01 AM

132711441

**Parish:  EAST BATON ROUGE**

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by **ATTY. DANNY D. RUSSELL** and was issued by the Clerk of Court on the **JUNE 6, 2018.**

* Also attached are the following documents:
**CLASS ACTION PETITION**

*Andrenese L.M. Thomas*

**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THIS ____ DAY OF _June_, 2018 AND ON THE _13_ DAY OF _June_, 2018 SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _Ashley, Minxielle_ 830am

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _EBR_ THIS _# 13_ DAY OF _June_, 2018.

SERVICE  $ _____
MILEAGE $ _____
TOTAL    $ _____

BY: _Bryan S_____
DEPUTY SHERIFF #0226

ORIGINAL – RETURN        COPY – SERVICE        COPY - CLERK

JUN 1 2 2018

222



D55435119

D55435119

## CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-**72327**

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

---

To:   **DENKA PERFORMANCE ELASTOMER LLC**
      THROUGH ITS AGENT FOR SERVICE OF PROCESS
      **3867 PLAZA TOWER DR.**
      **BATON ROUGE, LA 70816**

Eliana DeFrancesch - Clerk of Court
Filed: Jun 25, 2018 11:01 AM

Parish: **EAST BATON ROUGE**

132711086

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by **ATTY. DANNY D. RUSSELL** and was issued by the Clerk of Court on the **JUNE 6, 2018.**

* Also attached are the following documents:
**CLASS ACTION PETITION**

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

---

RECEIVED ON THE __13__ DAY OF __June__ 20 __18__ AND ON THE __13__ DAY OF __June__, 20 __18__ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED __Ashley Minville   830AM__

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____ A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF __EBR__   THIS __13__ DAY OF __June__, 20 __18__.

SERVICE  $ _____
MILEAGE $ _____        BY: _____ DEPUTY SHERIFF. #0226
TOTAL    $ _____

ORIGINAL – RETURN         COPY – SERVICE         COPY - CLERK

JUN 1 2 2018

*161*

D55435150

D55435150



# CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-72327

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

To:  **STATE OF LA, THROUGH THE DEPT OF HEALTH AND HOSPITALS
THROUGH ITS AGENT FOR SERVICE OF PROCESS:
900 N. 3RD. ST. 22ND FLOOR
BATON ROUGE, LA 70802**

**Parish: EAST BATON ROUGE**

Eliana DeFrancesch - Clerk of Court
Filed: Jun 27, 2018 10:11 AM

132715758

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **ATTY. DANNY D. RUSSELL** and was issued by the Clerk
of Court on the **JUNE 6, 2018.**

*Also attached are the following documents:
  **CLASS ACTION PETITION**

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20 ____ AND ON THE _____ DAY OF
_____, 20 ____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20 ____

SERVICE  $ _____        BY: _____
MILEAGE $ _____              DEPUTY SHERIFF _____  JTC
TOTAL    $ _____

ORIGINAL – RETURN          COPY – SERVICE          COPY – CLERK

Tendering a copy of this document to
Not sure which
Agency to serve

JUN 12 2018

JUN 14 2018

Dy S. Derosin
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

*161*

D55435143

D55435143

## CITATION

| | |
|---|---|
| JUANEA L BUTLER | 40TH JUDICIAL DISTRICT COURT |
| VS | PARISH OF ST.JOHN THE BAPTIST |
| DENKA PERFORMANCE ELASTOMER LLC | STATE OF LOUISIANA |
| DOCKET NUMBER: C-72327 | |

To:   **STATE OF LA, THROUGH THE DEPT OF ENVIRONMENTAL EQUALITY**
     **THROUGH ITS AGENTS FOR SERVICE OF PROCESS:**
     **900 N. 3RD ST, 22ND FLOOR**          Eliana DeFrancesch - Clerk of Court
     **BATON ROUGE, LA 70802**              Filed: Jun 27, 2018  10:11 AM

**Parish:  EAST BATON ROUGE**

132715491

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (**15**) days after the service hereof, under penalty of default.

This service was ordered by **ATTY. DANNY D. RUSSELL** and was issued by the Clerk of Court on the **JUNE 6, 2018.**

* Also attached are the following documents:
  **CLASS ACTION PETITION**

*Andrenese L.M. Thomas*

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20 _____ AND ON THE _____ DAY OF _____; 20 _____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED:  PARISH OF _____ THIS _____ DAY OF _____; 20 ____.

SERVICE  $ _____          BY: _____
MILEAGE $ _____               DEPUTY SHERIFF
TOTAL     $ _____

ORIGINAL – RETURN          COPY – SERVICE          COPY

VTL

*Not sure which Agency to serve*

JUN 14 2018

JUN 12 2018

*Dy S. Derosin*

Deputy Sheriff Parish of East Baton Rouge, Louisiana

161



D55435101

D55435101

# CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-72327

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

---

To:   **DR. CHUCK CARR BROWN
SECRETARY, STATE OF LA.
602 N. 5TH ST.
BATON ROUGE, LA 70802**

Eliana DeFrancesch - Clerk of Court
Filed: Jun 27, 2018 10:11 AM

132715624

**Parish: EAST BATON ROUGE**

---

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **ATTY. DANNY D. RUSSELL** and was issued by the Clerk
of Court on the **JUNE 6, 2018**

* Also attached are the following documents:
  **CLASS ACTION PETITION**

*Andrenese LM Thomas*

**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

---

RECEIVED ON THE _____ DAY OF _____, 20___ AND ON THE _____ DAY OF
_____, 20___ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20___.

SERVICE   $_____        BY: _____
MILEAGE  $_____              DEPUTY SHERIFF
TOTAL     $_____

ORIGINAL – RETURN        COPY – SERVICE        COPY – CLERK

Tendering a copy of this document to

*Secretary*

JUN 15 2018

JUN 12 2018

*Dy: S. Derosin*

Deputy Sheriff, Parish of East Baton Rouge, Louisiana

*161*



D55435135

D55435135

## CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-**72327**

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

---

To:     **DR. REBKAH E GEE
        SECRETARY, STATE OF LA.
        628 N. 4TH ST.
        BATON ROUGE, LA 70802**


Eliana DeFrancesch - Clerk of Court
10:11 AM

**Parish: EAST BATON ROUGE**

132715857

You are hereby summoned to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana, within fifteen (**15**) days after the service hereof, under penalty of default.

This service was ordered by **ATTY. DANNY D. RUSSELL** and was issued by the Clerk of Court on the **JUNE 6, 2018**

\* Also attached are the following documents:
    **CLASS ACTION PETITION**

*Andrenese L.M. Thomas*

**ANDRENESE L.M. THOMAS**
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

---

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF _____ 20____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF _____, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

SERVICE   $_____       BY: _____
MILEAGE $_____              DEPUTY SHERIFF
TOTAL    $_____

ORIGINAL – RETURN       COPY – SERVICE       COPY - CLERK

Tendering a copy of this document to

*Lewis*

JUN 15 2018

JUN 1 2 2018

*Dy. S. Derosin*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

*161*

D55435168

D55435168

## CITATION

JUANEA L BUTLER

VS

DENKA PERFORMANCE
ELASTOMER LLC
DOCKET NUMBER: C-72327

40TH JUDICIAL DISTRICT COURT

PARISH OF ST.JOHN THE BAPTIST

STATE OF LOUISIANA

To:    **BUD THOMPSON**
       **DIRECTOR, STATE OF LA., OFFICE OF RISK MGMT**
       **1201 N. 3RD STREET**
       **CLAIBORNE BLDG, STE**
       **BATON ROUGE, LA 70802**

Clerk of Court
10:11 AM

Parish: **EAST BATON ROUGE**                                    132715582

You are hereby summoned to comply with the demand contained in the Petition of which
a true and correct copy accompanies this citation, or make an appearance either by filing
an Answer or other pleading to said Petition, in the Fortieth Judicial District Court in and
for the Parish of St. John the Baptist, State of Louisiana, within fifteen (15) days after the
service hereof, under penalty of default.

This service was ordered by **ATTY. DANNY D. RUSSELL** and was issued by the Clerk
of Court on the **JUNE 6, 2018**.

\* Also attached are the following documents:
   **CLASS ACTION PETITION**

*Andrenese L.M. Thomas*

*ANDRENESE L.M. THOMAS*
Deputy Clerk of Court for
Eliana DeFrancesch, Clerk of Court

RECEIVED ON THE _____ DAY OF _____, 20 ____ AND ON THE ____ DAY OF
_____, 20 ____ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED _____.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS
DOMICILE IN THE PARISH IN THE HANDS OF _____, A
PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN
SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I
LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT
FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF _____ THIS _____ DAY OF
_____, 20 ____ .

SERVICE  $_____        BY: _____
MILEAGE $_____              DEPUTY SHERIFF
TOTAL    $_____

                                        Tendering a copy of this document to
ORIGINAL – RETURN    COPY – SERVICE    COPY - CLERK

*Cynthia*

JUN 15 2018

JUN 12 2018

*Dy. S. Derosin*
Deputy Sheriff, Parish of East Baton Rouge, Louisiana