UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JUANEA L. BUTLER                                CIVIL ACTION

v.                                              NO. 18-6685

DENKA PERFORMANCE ELASTOMER LLC;                SECTION "F"
E.I. DUPONT DE NEMOURS AND COMPANY;
ET AL.

ORDER AND REASONS

Before the Court is the plaintiff's Rule 54(b) motion to
reconsider the Court's January 3, 2019 Order and Reasons denying
remand to state court. For the reasons that follow, the plaintiff's
motion is frivolous and is hereby DENIED.

**Background**

This environmental tort litigation arises from the production
of neoprene at the Pontchartrain Works Facility ("PWF") in St.
John the Baptist Parish. Neoprene production allegedly exposes
those living in the vicinity of the PWF to concentrated levels of
chloroprene well above the upper limit of acceptable risk, and may
result in a risk of cancer more than 800 times the national
average.

Juanea L. Butler, a resident of LaPlace, Louisiana, sued
seeking class certification, damages, and injunctive relief in the
form of abatement of chloroprene releases from her industrial

1

neighbor, the PWF. The PWF is the only facility in the United States still manufacturing neoprene, which is made from chloroprene, and which the Environmental Protection Agency has classified as a likely human carcinogen.

Denka and DuPont jointly removed the lawsuit, invoking this Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On January 3, 2019, the Court denied the plaintiff's motion to remand.[1] The plaintiff now moves for this Court to reconsider its Order denying remand.

I.    *Legal Standard*

Rule 54(b) of the Federal Rules of Civil Procedure governs the plaintiff's motion to reconsider this Court's Order and Reasons in which it denied the plaintiff's request to remand to state court.  Rule 54(b) states:

> **(b) Judgement on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief whether as a claim, counterclaim, crossclaim, or third-party claim or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] This Order and Reasons assumes familiarity with the Court's January 3, 2019, Order and Reasons.

A motion seeking reconsideration or revision of a district court ruling is analyzed under Rule 59(e), if it seeks to alter or amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order.  See Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017)(determining that the district court's erroneous application of the "more exacting" Rule 59(e) standard to a motion granting partial summary judgment was harmless error given that the appellant was not harmed by the procedural error).

Rule 54(b) authorizes the district court to "revise[] at any time...any order or other decision...that does not end the action." Fed. R. Civ. P. 54(b); Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017). The Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  Austin, 864 F.3d at 336 (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)(*en banc*)).  Compared to Rule 59(e),[2] "Rule 54(b)'s approach to the

---

[2] Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly."  Austin, 864 F.3d at 336 (quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

interlocutory presentation of new arguments as the case evolves
[is] more flexible, reflecting the 'inherent power of the rendering
district court to afford such relief from interlocutory judgments
as justice requires.'"  Id. at 337 (quoting Cobell v. Jewell, 802
F.3d   12,   25-26   (D.C.   Cir.   2015)(internal   citations
omitted)(quoting Greene v. Union Mutual Life Ins. Co. of Am., 764
F.2d 19, 22 (1st Cir. 1985)(Breyer, J.)).

## II.  *Discussion*

The plaintiff urges the Court to reconsider its order denying
her request to remand this case to state court. She says
reconsideration is warranted due to this Court's manifest error of
law and injustice; specifically, that: (a) DuPont is a citizen of
the State of Louisiana, not Delaware, and thus minimal diversity
under CAFA is lacking, (b) the Court erred in finding that the
plaintiff was a resident of Louisiana, (c) DHH and DEQ's non-
citizenship disrupts minimal diversity under CAFA, and (d) DuPont
and Denka have not met their burden of establishing the amount in
controversy requirement under CAFA.

The defendants counter that: (a) the plaintiff identifies no
manifest error of law or manifest injustice, (b) DuPont is
incorporated and has headquarters in Delaware, (c) the plaintiff
has herself alleged that she resides in, and is a domiciliary of
Louisiana, (d) the citizenship of the state agency defendants is

4

irrelevant for purposes of the minimal diversity requirement under CAFA, and (e) it is facially apparent that the $5 million amount in controversy requirement is met. The Court agrees on all counts. Because the plaintiff fails to identify any legal error in this Court's January 3, 2019 Order and Reasons, the plaintiff fails to persuade the Court to reconsider its ruling.

The plaintiff patently fails to persuade the Court to reconsider its determination that remand is improper. The plaintiff submits that DuPont's principle place of business is Louisiana yet ignores the Supreme Court's test in Hertz v. Friend that the principle place of business is the place where "a corporation's officers direct, control, and coordinate the corporation's activities."[3] 559 U.S. 77, 92 (2010). The plaintiff alleges that DuPont is engaged in many activities in Louisiana. Indeed, corporations have various activities all over the world. Would the plaintiff suggest it is proper for the Court to find DuPont's principle place of business wherever the company finds itself engaged in business activities? The test is not where the corporation engaged in "total activity" but, rather, where a corporation's officers direct, control, and coordinate the

---

[3] The Court notes that the plaintiff invokes old Fifth Circuit law in Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873 (5th Cir. 2004). The Court admonishes the plaintiff, however, that the "total activity" test was found to be unhelpful in Hertz.

corporation's activities – a test this Court finds DuPont has satisfied. As such, DuPont is a citizen of Delaware for purposes of CAFA.

Next, the plaintiff alleges that the Court erred in finding that she is a citizen of Louisiana for purposes of meeting CAFA's minimal diversity standard. This assertion is truly baffling. And frivolous. The plaintiff stated in her petition, filed in Louisiana state court, that she is a "resident of the City of LaPlace, and domiciliary of the Parish of St. John the Baptist, State of Louisiana." As it did on January 3, the Court finds that the plaintiff is a citizen of Louisiana, DuPont is a citizen of Delaware, and thus, for purposes of CAFA, minimal diversity is met.[4]

The plaintiff next submits that the Court erred in finding that the presence of a state or state agency as defendant does not destroy diversity, or that a state's lack of citizenship does not bar federal jurisdiction. As the Court noted in its January 3 Order, CAFA only requires that any member of the class be diverse from any defendant. The state agencies' presence, therefore, has no bearing on CAFA's jurisdictional analysis, given that minimal diversity exists between the plaintiff and DuPont.

---

[4] The Court would be interested to learn of what state the plaintiff is actually a citizen if not Louisiana, considering her claims of chloroprene exposure hinge entirely on her proximity to the PWF.

Last, the plaintiff contends that the Court erred in finding

that it was facially apparent that the $5 million amount in

controversy threshold was met for purposes of CAFA. As the Court

noted in its original order denying remand, the Fifth Circuit has

instructed:

> The removing party, as the proponent of federal jurisdiction,
> bears the burden of describing how the controversy exceeds $5
> million. This is a pleading requirement, not a demand for proof.
> Discovery and trial come later. A removing defendant need not
> confess liability in order to show that the controversy exceeds
> the threshold. The removing party's burden is to show not only
> what the stakes of the litigation could be, but also what they
> are given the plaintiff's actual demands.... The demonstration
> concerns what the plaintiff is claiming (and thus the amount in
> controversy between the parties), not whether the plaintiff is
> likely to win or be awarded everything he seeks. Once the
> proponent of federal jurisdiction has explained plausibly how
> the stakes exceed $5 million, then the case belongs in federal
> court unless it is legally impossible for the plaintiff to
> recover that much. Berniard v. Dow Chemical Co., 481 Fed. Appx.
> 859, 862 (5th Cir. 2015)(citation omitted)(quoting Spivey v.
> Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008)); Order and
> Reasons dtd. 1/3/2019.

The plaintiff alleges that "there are tens of thousands of

such affected putative class members." The plaintiff further

states that the proposed class has suffered from at least one of

more than a dozen medical symptoms including acute cardiac

palpitations, chest pains, chronic cardiovascular disorder, and

seeks damages for future injuries and medical monitoring. As the

defendants have noted, assuming a conservative estimate of only

10,000 class members, their individual amount in controversy would

be $500. In addition to seeking injunctive relief, punitive damages, and attorneys' fees, the plaintiff offers nothing that would persuade the Court to disturb its finding that it is facially apparent that the aggregate amount in controversy exceeds $5 million and fulfills the amount in controversy requirement under CAFA.

Accordingly, for the foregoing reasons, the plaintiff's Rule 54(b) motion to reconsider the Court's order denying motion for remand is DENIED.[5]

New Orleans, Louisiana, February 20, 2019

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's counsel is again reminded to familiarize himself with the mandate of 28 U.S.C. § 1927.