```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

JUANEA L. BUTLER, *individually and as*                CIVIL ACTION
*representative of all others similarly situated*

v.                                                     NO. 18-6685

DENKA PERFORMANCE ELASTOMER, LLC, ET AL.               SECTION F

ORDER AND REASONS

Before the Court is a Rule 12(b)(6) motion to dismiss filed by defendant Dupont Performance Elastomers. For the reasons that follow, the motion is GRANTED and DuPont is DISMISSED WITH PREJUDICE.

**Background**

This environmental tort litigation arises from the production of neoprene at the Pontchartrain Works Facility ("PWF") in St. John the Baptist Parish. Neoprene production allegedly exposes those living in the vicinity of the PWF to concentrated levels of chloroprene above the upper limit of acceptable risk and allegedly may result in a risk of cancer more than 800 times the national average.

Juanea L. Butler has lived in LaPlace, Louisiana since 1998. She sued the Louisiana Department of Health ("DOH"), the Louisiana Department of Environmental Quality ("DEQ"), Denka Performance Elastomer LLC ("Denka"), and E.I. DuPont de Nemours and Company

1

("DuPont") seeking class certification, damages, and injunctive relief in the form of abatement of chloroprene releases from her industrial neighbor, the PWF. Ms. Butler's Class Action Petition for Damages was filed on June 5, 2018 in the 40th Judicial District Court for St. John the Baptist Parish.

Effective November 1, 2015, DuPont sold the PWF to Denka, but DuPont retained ownership of the land underlying the facility. In December 2015, the Environmental Protection Agency ("EPA") released a screening-level National Air Toxics Assessment ("NATA"), and classified chloroprene as a likely human carcinogen. EPA's NATA evaluation suggested an acceptable risk exposure threshold for chloroprene: 0.2 µg/m3; that is, chloroprene emissions should stay below .2 micrograms per cubic meter2 to comply with the limit of acceptable risk threshold (which is a risk of 100 in one million people).

The EPA's National Enforcement Investigation Center ("NEIC") conducted a Clean Air Act ("CAA") inspection of the Pontchartrain Works facility in June 2016. A copy of the redacted inspection report from the EPA's CAA inspection was publicized on April 3, 2017. The NEIC inspection report revealed various areas of non-compliance by both DuPont and Denka in their operation of the facility, including failure to adhere to monitoring, recordkeeping, and reporting requirements for the chloroprene vent condenser; failure to replace leaking valves; failure to include

2

appropriate emissions factors in air permit application materials; and failure to institute appropriate emissions controls for the chloroprene Group I storage tank.

In her original and amended class action petition, Ms. Butler alleges that DuPont and Denka have and continue to emit chloroprene at levels resulting in concentrations exceeding the upper limit of acceptable risk. The plaintiff further alleges that DEQ and DOH failed to warn the plaintiff and her community about chloroprene exposure. She alleges that:

> Due to the Plaintiff's exposure to the chloroprene emissions, she has experienced symptoms attributable to exposure of said chemical. Since April 2012 until current date, the Plaintiff has continually sought medical attention for the following conditions: acute bronchitis; coughing; throat irritation; redness and swelling; nasal blockage, congestion, and sneezing; sinusitis and nasal polyps; exacerbation of pre-existing asthma; shortness of breath; wheezing; rhinosinusitis; thyroid enlargement; cardiac problems; nausea; vomiting; headaches; fatigue; epistaxis (nose bleeds); anxiety; depression; insomnia; and temporary hair loss.

Seemingly at random, the plaintiff invokes as causes of action Louisiana state constitutional provisions. She seeks injunctive relief in the form of abatement of chloroprene releases to "comply" with the EPA's suggested 0.2 µg/m3 threshold; damages for deprivation of enjoyment of life; damages for medical expenses; damages for loss of wages; damages for pain and suffering; punitive damages; and additional damages including medical monitoring to the extent personal injury claims become mature.

Denka and DuPont jointly removed the lawsuit, invoking this Court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Court denied the plaintiff's motion to remand. See Order and Reasons dtd. 1/3/19 (denying motion to remand); see Order and Reasons dtd. 2/20/19 (denying motion to reconsider). This Court granted motions to dismiss filed by DuPont, Denka, DEQ, and DOH. The plaintiff appealed, and the Fifth Circuit affirmed in part and reversed in part, remanding this case for the Court's review. The Fifth Circuit affirmed this Court's dismissal of custodial liability claims against DuPont and Denka, this Court's dismissal of all claims against Denka for failure to state a claim, and this Court's dismissal of declaratory relief claims against the Louisiana DEQ. The Fifth Circuit reversed the Court's finding that the claims against Denka and DuPont were prescribed, and, as the Court did not find in the alternative that the claims against DuPont must fail under Rule 12(b)(6), remanded. The Court now considers DuPont's motion to dismiss for failure to state a claim.

## Analysis

I. Rule 12(b)(6) Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of a complaint for failure to state a claim upon which relief can be granted. Such motions are rarely granted because they are viewed with disfavor. See Lowrey v. Tex. A & M

4

Univ. Sys., 117 F.3d 242, 247 (5 Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5 Cir. 1982)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5 Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5 Cir. 2012) (en banc)). The Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Gonzalez v. Kay, 577 F.3d 600, 603 (5 Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption

5

that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' ", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

## II. Alleged Claims

The defendant's motion to dismiss rests on reasoning offered by this Court in this case as regards another (now-dismissed) defendant. That reasoning was subsequently upheld in relevant part by the Fifth Circuit. See Butler v. Denka Performance

6

Elastomer LLC, 16 F.4th 427 (5 Cir. 2021). Astonishingly, plaintiff's opposition to this motion makes no reference to this Court's earlier decision or the binding Fifth Circuit opinion affirming (in relevant part) that decision. The Court finds that its reasoning in the now-affirmed order and reasons concerning the causes of action purportedly asserted against Denka is likewise applicable to the purported causes of action asserted against DuPont. Therefore, the Court will grant this motion.

### A. No Duty Alleged

The plaintiff's negligence claim against DuPont is substantively identical to the now-dismissed negligence claim against Denka. Thus, the Court adopts the reasoning it offered in dismissing that claim.

"Every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(A). "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." La. Civ. Code art. 2316. Courts employ the duty-risk analysis to determine whether to impose liability based on these broad negligence principles. See Lemann v. Essen Lane Daiquiris, 923 So. 2d 627, 633 (La. 2006). The analysis requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to

7

conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Id. "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." Id.

Here, the plaintiff fails to allege that DuPont had a duty to conform its conduct to a specific legally-enforceable standard. In previous filings, the plaintiff had attempted to persuade this Court to extract a general duty of care from an EPA evaluation suggesting that the acceptable risk exposure threshold for cholorprene is 0.2 µg/m3, despite the EPA's disclaiming the standard's regulatory or enforcement value. To counsel's credit, the plaintiff now admits that it is not attempting to use this threshold as creating "an enforceable duty against Dupont [sic]." However, the plaintiff offers no other duty save that of "the general duty to conform to the standard conduct associated with a reasonable and prudent owner and operator of a chemical plant."

This so-called general duty does not suffice. As the Fifth Circuit noted in affirming this Court's reasoning dismissing the claims against Denka in this same case, "Butler's retreat to generalized grievances is unavailing. While Louisiana law does

8

impose a "universal duty" on defendants in a negligence action to use 'reasonable care,' … plaintiffs are still required to assert a 'specific standard' of care." Butler, 16 F.4th at 444–45. Without allegations suggesting the source of an enforceable duty, the plaintiff is unable to plead a plausible claim for negligence.

### B. No Viable Claim for Battery

Plaintiff's counsel calls out DuPont for making "baseless assertions and misrepresentations in its Motion that that [sic] the Plaintiff's petition offers only conclusory allegations" concerning the elements of battery. Unfortunately, that statement is followed by reasserting conclusory allegations concerning the elements of battery. As with the claims against Denka, the plaintiff's assertions are insufficient. At most, the plaintiff alleges that DuPont manufactured chloroprene without regard to the potential harmful health effects caused by emissions; the plaintiff does not allege facts that indicate that DuPont knew that harm was substantially certain or that DuPont consciously desired to harm them, both of which are required to uphold a viable claim for battery.

### C. No Viable Claim for Strict Liability

As with the claim for negligence, a claim for strict liability requires a cognizable duty. "Strict" liability is a bit of a misnomer; the statute under which plaintiff sues here has a knowledge requirement. In any case, as with the claims made

9

against Denka, simply listing documents and repeating allegations of what Denka should have known is not sufficient for purposes of a custodial liability claim under article 2317.  Plaintiff identifies no legally cognizable standard of care and identifies no legally cognizable duty.  Therefore there can be no viable claim for strict liability.

\*   \*   \*

Plaintiff's counsel has done her and this Court a disservice.  He has declined to reckon with binding law established by the Fifth Circuit in this very case.  He has declined to reckon with this Court's rulings on nearly identical motions in this very case.  And he continues to advance claims that he ought to know are foreclosed.  Finally, he does this while calling out the other side for making "baseless" claims.  The plaintiff in this case has failed to state a claim against DuPont upon which relief can be granted.  The plaintiff's case has been hindered, not advanced, by her counsel.  The Court has no choice but to dismiss the claims against DuPont with prejudice.

Accordingly, IT IS ORDERED: that defendant DuPont's motion to dismiss is GRANTED.  DuPont is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, December 16, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE